[L. A. No. 12289. In Bank.—August 20, 1930.]

WALTER D. CARD, Appellant, v. C. A. BOMS, Respondent.

Morris Abraham, Charles I. Rosin and Abraham S. Rosin for Appellant.

Joe Crider, Jr., and Clarence B. Runkle for Respondent.

CURTIS, J.—This is an action for damages for personal injuries sustained by the plaintiff on account of being

struck and injured by an automobile alleged to have been negligently operated by the defendant. Negligence on the part of the driver of the automobile was conceded, and the sole question for determination of the jury was whether or not the defendant was the driver of the automobile which ran into and injured the plaintiff. The jury found against the defendant and brought in a verdict of $1,025 in favor of the plaintiff. Thereupon the court, on its own motion, ordered judgment in favor of the defendant, notwithstanding the verdict. Thereafter a judgment was entered for the defendant, from which judgment plaintiff has appealed.

The right of the trial court to set aside a verdict and enter a contrary judgment is absolutely the same as its right to grant a nonsuit. (Sec. 629, Code Civ. Proc.; *Estate of Caspar,* 172 Cal. 147 [155 Pac. 631]; *Perera* v. *Panama-Pacific Int. Exp. Co.,* 179 Cal. 63 [175 Pac. 454]; *Hunt* v. *United Bank & Trust Co. of California, ante,* p. 108 [291 Pac. 184].) The court should, therefore, grant such a motion when, and only when, disregarding conflicting evidence, and giving to plaintiff's evidence all the value to which it is legally entitled, indulging in every legitimate inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of the plaintiff. (*Estate of Caspar, supra; Perera* v. *Panama-Pacific Int. Exp. Co., supra.*)

We are of the opinion that in this case the trial court was in error in determining that there was no evidence which gave substantial support to the verdict reached by the jury. The facts with reference to the manner in which the accident happened are undisputed. The plaintiff, who is an old man and who was employed as a janitor in an office building, was going home from work at, or shortly after 1 o'clock A. M. on the morning of October 13, 1925. He was pushing a handcart along Hill Street, between Third and Fourth Streets, in the city of Los Angeles, on the right-hand side of the street, very close to the curb. A lantern was hanging from the rear of the cart. Plaintiff was walking in a northerly direction. As he approached Third Street an automobile traveling in the same direction struck. him and continued on its way without stopping. At 1:30 A. M. the defendant was arrested driving north on Broadway

after having been pursued by a police officer in a machine for nine blocks. He was intoxicated at the time, and his machine was damaged on the right-hand side, showing it had been in a recent accident.

There were two eye-witnesses to the accident, a police officer and a night ticket agent for the Pacific Electric Company. Each of these witnesses testified positively that the machine which struck the plaintiff was either a Maxwell or Dodge touring car with the top up. The night ticket agent testified that there were no lights on the car, and the police officer testified that he did not think there were any lights as the roadway was not lighted up in front of the machine. The police officer testified that the time of the accident was about 1 A. M.; the other eye-witness placed the time as between 1:15 and 1:30 A. M.

Officer Beck, the police officer who arrested the defendant, testified that about 1:30 A. M. on the morning in question his attention was called to the car of the defendant, which was a Maxwell touring car with its top up, by reason of the fact that the defendant was driving very fast, more than thirty miles an hour; that the car was swaying from one side to the other; that the defendant was driving without lights, and from the condition of the car it had evidently been in an accident. He testified that as defendant passed he saw that the right running-board was splintered and the top on the right-hand side torn; that both lights were out and one of them was bent. He ordered defendant to stop, but defendant kept on going; thereupon he got into another machine and gave chase; although he kept shouting, the defendant did not pay any attention and it was not until he, the officer, after following him for some nine blocks, caught up with him, that defendant stopped. He questioned the defendant as to what was the matter with his lights and why the car was damaged and defendant replied that he had hit something, he did not know what it was, or where it was—that he thought it was a lamp-post. Officer Beck further testified that the defendant was so intoxicated "he could not stand up very well." The arrest was made at the corner of Alta Street and North Broadway, a distance of about five miles from the scene of the accident.

The testimony of Officer Beck as to the condition of the car and the admission of the defendant that he had

hit something, although he did not know what it was, was corroborated by two other police officers, who questioned the defendant at different times on the morning of the accident.

In a statement taken down in shorthand by a shorthand reporter and later transcribed as part of the records of the police department, the defendant on the morning after the accident stated that he left his office to go home about 9:30 P. M. the night before the accident; that he stopped at a poolroom where he played pool and had three or four drinks of moonshine whisky from a bottle; that after leaving the poolroom he went east on Eighth Street as far as Hill Street and then turned to go north on Hill Street; that his lights were in perfect condition when he left the poolroom and his fenders were not dented. He admitted that by reason of the drinks which he had taken he did not really know what occurred on his drive toward home. At the trial the defendant upon the stand told an entirely different story. He placed the time of his arrest at 12:45 A. M.; stated that he had had no drinks that night, and declared that he had gone toward home along an entirely different route. He further denied that any of the questions in the written statement had been asked him or answered by him.

It was defendant's contention that the evidence embodied in the written statement which was part of the records of the police department must be entirely eliminated from consideration for the reason that it was only admissible for the purpose of impeaching the witness and could not be used to establish any facts contained therein. Any statement made by a party to an action may be considered, not only for the purpose of impeachment of his testimony or credibility as a witness, but as an admission against interest. (*Gates* v. *Pendleton*, 71 Cal. App. 752 [236 Pac. 365].) The admissions made in the statement, therefore, not only can, but tending, as they do, to support plaintiff's case with reference to the route taken by defendant on the night in question, must be considered by the court.

Undoubtedly the jury in arriving at its verdict was justified in disregarding the testimony of the defendant taken at the trial, for it was contradicted in several essential particulars by the testimony of the several police officers who were totally disinterested witnesses. Eliminating this

discredited testimony of the defendant, it will be noted that each fact educed from the admissions of the defendant and the testimony of the other witnesses affirmatively points toward the defendant as the person responsible for the accident. No fact adduced tends to cast doubt upon the identity of the defendant as the person responsible for the accident. Each fact is consistent with defendant's responsibility; no fact is inconsistent. In short, all of the facts fit together consistently to form a complete picture of the accident and point to the defendant as the person responsible.

In view of the admission of the defendant on three separate occasions to the police officers that he had hit something, although he did not know what it was, and the admitted condition of defendant's car when arrested—the right headlight smashed and bent back, the right-hand fender dented, and the right running-board splintered, there cannot be the slightest doubt that defendant after he left his office the night before the accident had run into and struck something, and furthermore, that whatever he had struck had been on the right-hand side of the street. The admission of the defendant that on the night in question he had driven east as far as Hill Street and then turned north on Hill Street toward the Hill Street tunnel, when considered in connection with the time he was arrested, and the distance from the scene of the accident, would place the defendant at the intersection of Third Street and Hill Street at approximately the time of the accident. It is also to be noted that the defendant when arrested was driving in the direction which the machine which had struck the plaintiff had taken.

It is true that the eye-witnesses to the accident were unable to state whether the machine which struck the plaintiff was a Maxwell or Dodge touring car. It is also undoubtedly true that there are hundreds of machines of like make or type in the city of Los Angeles, but it is scarcely conceivable that there could be such a coincidence as that there should be in the vicinity of the accident, or within five miles of the accident, at the unusual time in the morning when the accident occurred, two Maxwell or Dodge touring cars, with tops up, both without lights, both driven by irresponsible drivers, and both of which had struck some object on the right-hand side of the street. In this

regard it is to be noted that plaintiff testified that at the time of night of the accident there was practically no traffic at all.

■ Positive identification is not necessary. The surrounding circumstances may so substantiate a partial identification as to afford the basis for a verdict of the jury. (*Hughes* v. *Hartman*, 206 Cal. 199 [273 Pac. 560].) Although the eye-witnesses to the accident could not postitively identify either the defendant or the machine which he was driving shortly after the accident as the machine which struck the plaintiff, their identification of the machine as a Maxwell or Dodge touring car with the top up and without lights, considered in conjunction with all the other corroborating circumstances of the case, was sufficient to justify the jury in reaching the conclusion that the defendant was the person who ran into and injured the plaintiff at the time and place in question. Many a defendant in a criminal case has been found guilty and the judgment of conviction affirmed on evidence in nowise stronger than that presented in the present action against the defendant. (*People* v. *Fowler*, 30 Cal. App. 183 [157 Pac. 540]; *People* v. *Franklin*, 46 Cal. App. 1 [188 Pac. 607]; *People* v. *Wilson*, 76 Cal. App. 688 [245 Pac. 781].)

The judgment is reversed and the trial court is hereby directed to enter judgment in favor of the plaintiff for the sum of one thousand and twenty-five dollars ($1,025.00) in accordance with the verdict of the jury rendered in said action.

Richards, J., Shenk, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.