[L. A. No. 14459. In Bank.—March 28, 1934.]

JACOB HANSEN, Plaintiff and Appellant, v. FRESNO JERSEY FARM DAIRY COMPANY (a Corporation), Defendant and Appellant.

Irvine P. Aten for Plaintiff and Appellant.

Everts, Ewing, Wild & Everts, Pillsbury, Madison & Sutro, Dan F. Conway and Eugene D. Bennett for Defendant and Appellant.

SHENK, J.—Cross-appeals from a judgment for the plaintiff in an action for damages for breach of contract.

On April 1, 1930, the parties entered into a written agreement for the sale and delivery by the plaintiff to the defendant of approximately eighty gallons of milk daily f. o. b. Fresno. The defendant agreed to pay for butter fat content of the milk at eighty-five cents per pound for all milk less two cents to cover costs of hauling for each gallon of milk shipped. That price was referred to in the contract as the basic price. Payments for milk delivered were to be made monthly on the fifteenth of each month for milk received during the preceding calendar month on statements to be made up and rendered by the defendant to the plaintiff. The contract was to continue for one year and be renewed automatically from year to year unless written notice was given by either party at least thirty days prior to the first or any subsequent expiration date. The contract contained the following provision: "It is furthermore agreed that whenever and whilst buyer reduces its price to customers in order to meet competition, or on account of a milk price war in Fresno, said basic price for milk hereinabove fixed shall stand reduced for the time of continuance of buyer's said reduced price, in an amount equal to one-half of said reduction."

The plaintiff delivered milk which was received and paid for by the defendant at the basic price stated in the contract. On May 28, 1930, the defendant reduced the price to the plaintiff two cents per gallon. Effective August 1, 1930, the defendant made a further reduction of four cents per gallon in the price to the plaintiff. The defendant continued to receive the plaintiff's shipments. The defendant each month sent to the plaintiff a statement of milk delivered during the preceding month, accompanied by a check covering the amount thereby shown to be due on the basis

of the reductions made by the defendant. The plaintiff retained the proceeds from those checks.

On March 5, 1931, the plaintiff received from the defendant a letter dated March 1, 1931, and postmarked March 4, 1931, purporting to give notice of cancellation of the contract effective April 1, 1931. On and after April 1, 1931, the defendant refused to receive further deliveries of milk from the plaintiff.

The plaintiff in the present action sought to recover the difference between the amounts paid by the defendant and the amount computed upon the basic price stated in the contract without reduction except the reduction of May 28, 1930, for all milk delivered during the period between August 1, 1930, and April 1, 1931. The plaintiff also sought to recover damages for the defendant's refusal to accept deliveries of milk during the second year of the contract period. As to the latter item of damages the defendant pleaded the giving of the aforesaid notice, and as to the first item, the defendant alleged that the plaintiff and defendant had stated their accounts under said contract and that upon each of such accounts the defendant had paid to the plaintiff the sum so computed to be due thereon.

The trial court found that at the time the contract was entered into and on May 28, 1930, when the defendant made its first reduction in the price to be paid to the plaintiff under the contract, it was selling and disposing of almost all of its milk to retail customers, and but twenty per cent thereof to wholesale customers; but that at the time it made its second reduction effective, viz., August 1, 1930, because of existing conditions in the market the defendant was disposing of but fifteen per cent of its milk at retail and eighty-five per cent to the wholesale trade.

The court further found that on May 28, 1930, the defendant cut the price to its retail customers four cents per gallon and twelve cents per gallon to its wholesale trade, and at the same time cut the price to be paid to the plaintiff two cents per gallon; that it paid to the plaintiff the basic price mentioned in the contract less two cents per gallon from May 28 to August 1, 1930; that the defendant made no additional or further reduction in the price of milk to its customers, but on August 1, 1930, when the bulk of its trade had become wholesale, the defendant cut the price

to the plaintiff an additional four cents per gallon. The court further found that there was due to the plaintiff an additional four cents per gallon on fifteen per cent of the milk delivered by the plaintiff between August 1, 1930, and April 1, 1931, amounting to the sum of $109.92.

The court also found that the defendant had not given notice of termination pursuant to the terms of the contract. Based on the same percentages of retail and wholesale trade, damages in the sum of $1378.02 were found to be due by reason of the defendant's refusal to receive deliveries from the plaintiff during the second year of the contract. The court found further that no account was ever stated between the plaintiff and the defendant concerning any portion of the milk delivered between the first day of August, 1930, and the first day of April, 1931. Judgment for the plaintiff was entered for the sums found to be due. Both parties appealed from the judgment.

On its appeal the defendant contends that the evidence establishes as a matter of law that an account was stated between the parties and that the trial court erred in refusing to admit evidence offered of oral notice of termination of the contract and evidence in support of certain breaches of contract by the plaintiff alleged in the defendant's answer.

The defendant alleged and offered to prove oral notice to the plaintiff prior to the sending of written notice and within the time specified. Under the terms of the contract the plaintiff was entitled to the written notice as provided. There was no evidence tendered or received to prove that the plaintiff expressly or by his conduct waived the required notice, nor, under the facts offered, was he, as in the case of *Mason* v. *United Press of Illinois,* 94 App. Div. 617 [88 N. Y. Supp. 99], relied upon, legally chargeable with notice within the time specified.

The trial court further found that the plaintiff had fully kept and performed all of the terms and conditions of the contract up to and including the first day of April, 1931, when further deliveries of milk were refused by the defendant. The defendant claims error in the rejection of evidence offered to prove that the plaintiff had breached the conditions of the contract and was not entitled to recover; and specifically, that the plaintiff had not complied with

the requirements for certain standards of cleanliness, flavor and condition of the milk, as well as certain standards of sanitation in the maintenance of the plaintiff's dairy. On the documentary evidence in the record the trial court was justified in concluding that any such breach on the part of the plaintiff was waived by the defendant. The purported written notice contained the following statement: "Our business relations have been most agreeable and we look forward to being in a position to do business with you again at some future date." Furthermore, the contract provided the disposition to be made by the defendant of milk delivered by the plaintiff which did not comply with the required standards. The parties agreed that "no milk shall be delivered, nor shall any milk be required to be paid for that does not in all respects meet the requirements. . . . Any milk shipped with a foreign odor, caused from feeding, barn or any other conditions, the buyer will have the right not to pay for, or in its discretion allow only market price at Fresno of butter fat for said milk. . . . " The defendant did not offer to prove that it had refused to pay for any milk which it accepted from the plaintiff and which was included in its statements of account; nor does its accounts show that it had exercised the discretion vested in it by those provisions, or that any reduction in the contract price was based thereon. On the contrary, its statements of milk received, so far as the record shows, were based on a compliance by the plaintiff with the terms of the contract. The plaintiff is not endeavoring to recover for any milk except such as the defendant's accounts show was received by it.

On the defendant's appeal there remains for consideration the contention that the evidence does not support the finding that no account was stated between the parties. Although generally accounts are rendered by the creditor to the debtor, it is conceivable that pursuant to a relationship such as existed between these parties, accounts are expected to be rendered by the party by whom the goods are received and from whom payment is due. Moreover, the contract provides for accounts to be rendered by the defendant. ▉ The theory of an account stated is that it becomes a contract between the parties for payment of the amount computed to be due without proof of the specific

items included therein. (*Auzerais* v. *Naglee,* 74 Cal. 60, 64 [15 Pac. 371].) Therefore an element essential to render the account stated is that it receive the assent of both parties, but the assent of the party sought to be charged may be implied from his conduct. (*Crane* v. *Stansbury,* 173 Cal. 631, 636, 637 [161 Pac. 7]; *Hendy* v. *March,* 75 Cal. 567 [17 Pac. 702]; *Auzerais* v. *Naglee, supra;* 1 Cor. Jur., p. 685 et seq.) Accordingly an account fails to become stated when the essential element of assent is lacking; and assent is not present when proper objections are made by the party sought to be charged. (*Klein-Simpson Co.* v. *Hunt, Hatch & Co.,* 65 Cal. App. 625, 633 [225 Pac. 14].) ▉ Ordinarily an account stated is an unperformed promise or agreement to pay the amount shown to be due. However, acceptance of payment of the amount shown to be due on an account rendered may render it an account stated, but it is essential to constitute the transaction an account stated that such payment be accepted without objection. (1 Cor. Jur. 689.) ▉ There is evidence in the record that at the time the reduction of August 1, 1930, was announced and subsequently during at least a portion of the time the defendant's statements of account and checks were received, the plaintiff personally and through the Dairymen's League, of which he was a member, protested the reduction made by the defendant as arbitrary and not in accordance with the terms of the contract. On this record and in view of the contractual relationship between the parties and the requirement for monthly accounts and payments, we cannot say that the court was not justified in concluding that there was no assent on the part of the plaintiff to the accuracy of the account. The plaintiff makes the contention that the accounts sent to him may not constitute accounts stated for the additional reason that to allow them as such is to do violence to the rule that parol evidence may not be permitted to vary or contradict the terms of a written agreement. An exception to the rule is that an executed oral agreement may serve as a modification of a written agreement. (*Julian* v. *Gold,* 214 Cal. 74, 76 [3 Pac. (2d) 1009].) In the present case the point is immaterial inasmuch as the record, as noted, supports the finding that no oral agreement was proved.

The defendant relies upon the case of *Blue Ribbon Creamery* v. *Monk*, (Miss.) 147 So. 329, asserted to be similar on its facts to the case at bar. That case in part turned on the question whether the trial court properly decreed that no balance was due to the dairymen because there had been accord and satisfaction by the acceptance of the amounts tendered in semi-monthly settlements for milk delivered. It was determined that the acceptance of the semi-monthly settlements constituted an accord and satisfaction. ■ The question whether the evidence in the present case sustains any finding that the acceptance of the monthly checks by the plaintiff was an accord and satisfaction is not presented, inasmuch as the specific plea of accord and satisfaction was not interposed by the defendant, the issue was not raised, and consequently there was no finding based thereon. It is a general rule that accord and satisfaction must be specially pleaded. (*Berger* v. *Lane*, 190 Cal. 443, 447 [213 Pac. 45]; *Simmons* v. *Oullahan*, 75 Cal. 508 [17 Pac. 543]; see *California etc. Assn.* v. *Rindge L. & N. Co.*, 199 Cal. 168, 180 [248 Pac. 658, 47 A. L. R. 904], *Sierra etc. P. Co.* v. *Universal Elec. etc. Co.*, 197 Cal. 376 [241 Pac. 76], and *B. & W. Engineering Co.* v. *Beam*, 23 Cal. App. 164 [137 Pac. 624].) ■ However, if we assume that the pleading of an account stated and *payment* thereunder calls for the application of the principles involved in the doctrine of accord and satisfaction, nevertheless the question whether there is an accord and satisfaction is one primarily for the trial court; and the question here, since payment is not disputed, is whether the evidence supports the implied finding of the court that there was no accord between the parties. On the evidence hereinabove noted we do not feel justified in disturbing that conclusion.

■ The plaintiff's appeal is prosecuted on the theory that the damages are inadequate as to both items. It is his contention that the trial court misconstrued the provisions of the contract relating to the basic price and the method by which it might be reduced. It is claimed that inasmuch as most of the defendant's trade was with retail customers at the time of the agreement, the basic price computed thereon must always remain based on the price to the defendant's retail trade and could not be reduced below the plaintiff's proportionate share of the reduction made

to retail customers even though the trade with retail customers fell to a negligible proportion due to the cheaper prices to the consumer available at the stores. There is no such limitation in the terms of the contract. The provision purports to include any reduction in the defendant's "price to *customers* in order to meet competition or on account of a milk price war in Fresno". This purports to include both classes of customers, retail and wholesale. We conclude that the trial court properly construed the contract between the parties, and that no error was committed in the trial of the cause.

The judgment is affirmed.

Langdon, J., Thompson, J., Seawell, J., Preston, J., Curtis, J., and Waste, C. J., concurred.

Rehearing denied.