[Civ. No. 7966. Second Appellate District, Division One.—July 23, 1935.]

APPLEWITE S. LOCKE, as Administratrix, etc., Appellant, v. FRANK L. MELINE et al., Respondents.

Thomas H. Hearn for Appellant.

Walter H. Hewicker for Respondents.

ROTH, J., *pro tem.*—This action was instituted by Benjamin F. Locke, now deceased. Appellant as administratrix of his estate has been substituted in his place. The complaint contained three causes of action, but was actually tried on the first, which was a cause of action based on a written contract made with Locke by defendants to pay him a sum

of money in return for certain services. The answer of defendants to the first cause of action denied all of its material allegations and set up separate defenses based upon the statute of limitations and the statute of frauds. The action was tried before a jury. It would serve no good purpose to recite in detail, or otherwise, the evidence submitted. It is sufficient to say that Locke submitted substantial evidence to support all of the material allegations of the first cause of action and that defendant placed every material allegation in issue and submitted substantial evidence in defense. ■ The defense of the statute of limitations and the statute of frauds pleaded did not apply since the contract alleged was proved to be in writing, and although evidence was submitted upon the subject of accord and satisfaction, this defense was not specially pleaded and, under the law, it must be. (*Hanson* v. *Fresno Jersey Farm Dairy Co.*, 220 Cal. 402, 409 [31 Pac. (2d) 359].) Further, it is apparent that the jury did not believe it to have been proved. ■ It is clear, therefore, that there was a sharp conflict with probative evidence on each side, in which every feature of the cause of action was put in issue, and on such a situation it is unnecessary to cite authorities to say that a verdict of a jury on a question of fact will not be disturbed. Prior to submission of the cause, a motion was made by defendants, respondents herein, for a directed verdict. The motion was denied. The jury brought in a verdict for the deceased in the sum of $15,000. Judgment was entered thereon, and thereafter respondents moved for a new trial on all statutory grounds. In ruling upon said motion, the court made the following order: ''Defendant's motion for a new trial, heretofore submitted, is now by the Court granted, and under Section 629 C. C. P. Judgment ordered for defendants with their costs. . . . ''

Appellant does not appeal from the order granting the motion for new trial. Her appeal is limited to that part of the order which reads: '' . . . and under Section 629, C. C. P. Judgment ordered for defendants with their costs. . . . ''

Section 629 of the Code of Civil Procedure provides: ''When a motion for a directed verdict, which should have been granted, has been denied and a verdict rendered against the moving party, the court, at any time *before the entry of*

*judgment,* either of its own motion or on motion of the aggrieved party, shall render judgment in favor of the aggrieved party notwithstanding the verdict. . . . '' (Italics ours.) No motion was made prior to the entry of the judgment by defendants or either of them, nor did the court of its own motion order the entry of the judgment for defendants notwithstanding the verdict, pursuant to this portion of the code section. The second paragraph of the section in question provides: ''A motion for judgment notwithstanding such verdict may also be made in the alternative form, asking therefor and reserving, if that be denied, the right to apply for a new trial. If the motion for a directed verdict or for judgment notwithstanding the verdict be denied, the trial court on motion for new trial or the appellate court on appeal from the judgment may order judgment to be so entered when it appears from the whole evidence that a verdict should have been so directed at the trial; . . . ''

A perusal of the record demonstrates, as has already been stated, that there was a sharp conflict in the evidence on all material issues. It is settled that a motion for directed verdict should be granted only when the evidentiary status of a case is such that a court would be warranted in granting a motion for nonsuit. (*Card* v. *Boms,* 210 Cal. 200, 202 [291 Pac. 190] ; *Hunt* v. *United Bank & Trust Co. of Cal.,* 210 Cal. 108, 117 [291 Pac. 184] ; *Landers* v. *Crescent Creamery Co.,* 118 Cal. App 707, 714 [5 Pac. (2d) 934] ; *Reinders* v. *Olsen,* 60 Cal. App. 764, 767 [214 Pac. 268].) The motion for directed verdict was properly denied in this case, and it therefore follows that an order on a motion for new trial for the entry of a judgment notwithstanding the verdict was improperly made.

In the case of *Card* v. *Boms, supra,* the court at page 202 says: ''The right of the trial court to set aside a verdict and enter a contrary judgment is absolutely the same as its right to grant a nonsuit. . . . The court should, therefore, grant such a motion when, and only when, disregarding conflicting evidence, and giving to plaintiff's evidence all the value to which it is legally entitled, indulging in every legitimate inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of the plaintiff.''

The order herein appealed from for judgment in favor of defendants is reversed and the cause remanded for new trial.

Houser, Acting P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 20, 1935, and the following opinion then rendered thereon:

THE COURT.—The petition of respondents for rehearing of this cause is denied. Notwithstanding the intemperate and impertinent language of the attorney for respondents in his petition for rehearing, we have carefully reread and again scrutinized the record. Upon consideration of respondents' petition in connection with the record we find no sufficient reason for change or modification of the original opinion.

The petition of appellant for a rehearing is also denied.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 19, 1935.

Seawell, J., and Shenk, J., voted for a hearing.