[Civ. No. 6065. Third Appellate District.—March 1, 1939.]

JOE ALLEN PAGE, Appellant, v. THE CUDAHY PACKING COMPANY (a Corporation) et al., Respondents.

J. Leroy Johnson and J. B. Freeman for Appellant.

Neumiller & Ditz and Dudley W. Sheppard for Respondents.

THOMPSON, J.—This is an appeal from a judgment which was rendered under section 629 of the Code of Civil Procedure, notwithstanding the verdict.

The plaintiff brought suit for damages for personal injuries sustained in an automobile collision which occurred at the intersection of two streets in Stockton. The answer denied the alleged negligence on the part of the defendants, and affirmatively charged the plaintiff with contributory negligence. The cause was tried with a jury. At the close of plaintiff's testimony, a motion for nonsuit was denied. A subsequent motion of the defendants for a directed verdict was also denied. The jury returned a verdict in favor of the plaintiff for $750. That verdict implies that the jury found plaintiff free from contributory negligence. Reserving the right to subsequently move for a new trial, the defendants then asked the court to render judgment in their favor notwithstanding the verdict, which was granted. Judgment was accordingly entered in favor of the defendants. From that judgment the plaintiff has appealed.

It is contended the court was without authority to render a judgment notwithstanding the verdict merely because the trial judge believed the *preponderance* of the evidence indicated that the plaintiff was guilty of contributory negligence; that the trial court may render judgment notwithstanding the verdict only when there is no substantial evidence to support the implied finding of the jury to the effect that plaintiff was free from contributory negligence; that the invariable rule regarding the granting of a motion for judgment notwithstanding the verdict is exactly the same as that which applies to a motion for a nonsuit.

We are of the opinion the court erred in directing judgment in favor of the defendants notwithstanding the verdict. The verdict which was returned against the defendants clearly implies that the jury believed the plaintiff was free from contributory negligence. There is an abundance of evidence to support the jury's finding that the defendants were guilty of negligence which contributed to the accident. The trial judge was convinced of that fact. He said in that regard: "There is no question in my mind that the defendant was guilty of negligence; I don't think there is any doubt about that."

For the purpose of this appeal it is not disputed that there is ample evidence to support the finding of the jury that the defendants were guilty of negligence which proximately contributed to the accident. Moreover, it appears that upon the motion for judgment notwithstanding the verdict, both the trial judge and counsel for the defendants recognized the fact that there is a conflict of evidence regarding the plaintiff's alleged contributory negligence. The court inadvertently assumed the rule of law governing that motion is the same as that which applies to a motion for new trial. The judge said:

"It does seem to me that the *preponderance of evidence* indicates that there was negligence upon the part of the plaintiff, which contributed proximately to his injury, *and therefore* the Court will direct the entry of judgment in favor of the defendants, notwithstanding the verdict."

In presenting the motion for judgment notwithstanding the verdict, counsel for the defendants said:

"*The evidence of course is in conflict.* The motion will be argued from the standpoint, however, that we have accepted the plaintiff's testimony for the purpose of this argument."

Clearly the evidence regarding plaintiff's alleged contributory negligence is conflicting. There is substantial evidence to support the finding of the jury that he was not guilty of contributory negligence. The night of December 8, 1936, at 9:30 o'clock P. M. the defendant, W. C. Driscoll, was driving an Oldsmobile sedan touring car as the agent of his codefendant, The Cudahy Packing Company, northerly along Wilson Way, which is a "through street" in the city of Stockton. Hazelton Avenue extends east and west and crosses Wilson Way at right angles. It contains stop signs at its intersection with the last-mentioned street.

The plaintiff, who was twenty-three years of age, had driven an automobile eight years before the time of the accident. He was familiar with the intersection of streets in question. He drove his Chevrolet machine to Stockton on the afternoon of December 8th, accompanied by his wife and child. They ate dinner that evening at his wife's sister's home in Stockton. After dinner he drove to the home of his wife's nephew a few blocks east of Wilson Way. At 9:30 he was returning westerly along the northerly side of Hazelton Avenue. When he reached Wilson Way he stopped his machine at the stop

sign and looked for approaching automobiles both north and south along Wilson Way. There were then no machines in the intersection of those streets. He saw the headlights of an approaching car about 200 feet away coming north on its proper side of Wilson Way. He did not know how fast it was running. He knew the approximate point where he first saw it and afterwards stepped off the distance from where his machine then stood near the stop sign, finding it to be 75 paces. Seeing no other vehicles north or south of the intersection, he started his machine and proceeded to cross Wilson Way, traveling at the rate of about fifteen miles an hour. He was still running in intermediate gearing as he reached the center line of Wilson Way. He was then looking north for other machines, and again glancing to his left he was surprised to find the defendant's machine almost upon him and coming directly toward him at a very rapid rate of speed. It was within about fifteen feet of his car when he saw it that second time. He attempted to change the course of his machine to avoid the collision, but was unable to do so. The crash occurred almost instantly. There is evidence that the defendant's car was traveling 40 or 45 miles an hour in that 25-mile zone of the city of Stockton. The defendant, Driscoll, turned his machine to his left to pass ahead of the plaintiff's car, but the collision occurred. It is evident the defendant was running at a rapid rate of speed, for his machine landed against a building beyond a lawn on the opposite side of Hazelton Avenue. The plaintiff was rendered unconscious and he was removed to a hospital. He was quite seriously injured. He testified regarding his conduct in attempting to cross Wilson Way, as follows:

"I stopped there at the boulevard stop, when I was going across the street. . . . I put it [the engine] in neutral gear. . . . I looked both directions. . . . I saw a car down the street there [to my left]. . . . Q. How far was that car from where you were? A. I would say a little over 200 feet. Q. And did you not step off that distance at my request to determine what the distance was? A. I did. . . . Q. And how many steps was it from you—from where you were entering the intersection down the street to where you saw that car coming towards you? . . . A. 75 steps. . . . Q. After you had looked down the street to the left what did you do? . . . A. I looked towards the north. . . . I saw other cars quite a ways

up the street. . . . I turned then to look back the other way, and the car was right on top of me. . . . Q. When you saw this car the second time approximately how close was it to you? A. I would say not more than 15 feet, 20 [feet].''

The plaintiff testified that when he stopped at the intersection he first looked south and saw the defendant's machine "a little over 200 feet" away. He then looked in the opposite direction and seeing cars "quite a ways up the street" he threw his engine into gear and proceeded to cross Wilson Way. He had thrown the clutch into second gear and was traveling westerly on his proper side of the street about 15 miles an hour. He had reached the center line of Wilson Way, and glanced to his left again to find the defendant's car within about 15 feet of him. He tried to get out of the way to avoid the collision, but failed to do so. He had a right to assume the approaching car would not violate the speed law in that 25-mile zone, and that the driver would observe his car and give him the right of way since his machine entered the intersection first. The plaintiff had only about 30 or possibly 40 feet to travel in crossing the defendant's pathway, while that machine then had about 200 feet to travel to the point of the collision.

Under such circumstances we may not say as a matter of law that the plaintiff was guilty of contributory negligence in attempting to cross Wilson Way ahead of the defendant's machine. There is no evidence that the plaintiff knew the defendant's car was traveling at an excessive rate of speed. Certainly the plaintiff was not bound to anticipate that the defendant would violate the law by traveling in that zone at the rate of 40 or 45 miles an hour. It seems reasonable to believe, under the circumstances related by the plaintiff, that if the defendant's automobile had not been running at an excessive rate of speed, the plaintiff would have had ample time to have crossed the street ahead of the machine. We are not warranted in holding that a reasonably prudent person would not have been justified in assuming he could safely cross Wilson Way under similar circumstances. Section 552 of the Vehicle Code of California provides:

"The driver of any vehicle which has stopped as required by this code at the entrance to a through highway shall yield the right of way to other vehicles *which have entered the intersection* from the through highway *or which are approaching*

*so closely on the through highway as to constitute an immediate hazard,* but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on the through highway shall yield the right of way to the vehicle so about to enter or cross the through highway.''

The question to be determined on this appeal is whether under the circumstances related by the plaintiff, seeing the surrounding conditions with respect to that intersection of streets as a reasonably cautious person should have observed them, was the plaintiff charged, as a matter of law, with knowledge that the defendant's machine, 200 feet away, constituted ''an immediate hazard'' to him if he attempted to cross Wilson Way ahead of it? If we should say it did not constitute an *immediate hazard* under the circumstances related by the plaintiff, then the motion to render a judgment notwithstanding the verdict was erroneously granted. Even though we should conclude that reasonable minds might differ as to whether his attempt to cross the street under such circumstances would constitute an *immediate hazard,* still the motion should have been denied. It seems clear to us that, in support of the verdict, under the facts testified to by the plaintiff, we must conclude the jury believed the plaintiff's statement and determined that he was not guilty of contributory negligence. We may not say, under the evidence in this case construed most favorably to the plaintiff, that, as a matter of law, he was guilty of contributory negligence. It follows that the motion was erroneously granted.

■ The burden of showing that the plaintiff was guilty of contributory negligence which precludes him from recovering damages for injuries sustained as a result of the collision rested on the defendants. (*Swartz* v. *Acme Express & Drayage Co.,* 102 Cal. App. 615, 618 [283 Pac. 358] ; *Huber* v. *Scott,* 122 Cal. App. 334, 339 [10 Pac. (2d) 150] ; 19 Cal. Jur. 697, sec. 119.) ■ Contributory negligence is ordinarily a question of fact for the determination of the jury. It becomes a question of law only when the undisputed facts, viewed in the light of common knowledge and experience clearly indicate that the plaintiff failed to use that degree of care which an ordinarily prudent person would be bound to exercise under similar circumstances. (*Gleason* v. *Fire Protection Engineering Co.,* 127 Cal. App. 754, 756 [16 Pac. (2d)

750].) In *Haight* v. *White,* 16 Cal. App. (2d) 426 [60 Pac. (2d) 548], it is said in that regard:

" 'Contributory negligence is a question of law only when the court is impelled to say that from the facts reasonable men can draw but one inference pointing unerringly to the negligence of the plaintiff contributing to the injury. In all other cases the question of contributory negligence is a question of fact for the jury.' "

Likewise, it is said in *Reinders* v. *Olsen,* 60 Cal. App. 764, 767 [214 Pac. 268] :

"The question whether plaintiff has been guilty of contributory negligence ordinarily is one exclusively for the jury. It is only when, there being no dispute as to the facts and reasonable men can reach but one conclusion—that of plaintiff's lack of ordinary care in the circumstances which contributed directly or proximately to the accident of which he complains—that the judge is warranted in deciding that fact in place of the jury and declaring therefrom as a matter of law that plaintiff shall not be permitted to recover damages. If reasonable men might differ as to whether or not the plaintiff did what an ordinarily prudent person would have done in the same or similar circumstances, then the judge is not justified in drawing the conclusion that because in his own mind the plaintiff was guilty of contributory negligence, all other reasonable persons must think likewise."

It is well established by uniform authorities in this state that the finding of a jury with respect to contributory negligence which is supported by substantial evidence should not be disturbed, and that a judgment notwithstanding the verdict should be granted under section 629 of the Code of Civil Procedure, only when it clearly appears from a full and fair consideration of the whole evidence, viewed in a light most favorable to the plaintiff according to the same rule which prevails on motions for a nonsuit, that there is no substantial evidence and no reasonable inferences to support the verdict returned by the jury. (*Hunt* v. *United Bank & Trust Co.,* 210 Cal. 108, 120 [291 Pac. 184] ; *Card* v. *Boms,* 210 Cal. 200 [291 Pac. 190] ; *Estate of Flood,* 217 Cal. 763, 768 [21 Pac. (2d) 579] ; *Tracey* v. *L. A. Paving Co.,* 4 Cal. App. (2d) 700 [41 Pac. (2d) 942] ; *Landers* v. *Crescent Creamery Co.,* 118 Cal. App. 707 [5 Pac. (2d) 934] ; *Locke* v. *Meline,*

8 Cal. App. (2d) 482 [48 Pac. (2d) 176]; 15 R. C. L. 607. sec. 46.)

The judgment notwithstanding the verdict is therefore reversed, and the court is directed to render judgment in accordance with the verdict.

Tuttle, J., and Pullen, P. J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 27, 1939.