**GASPARD & COMPANY, Inc., a corporation, Plaintiff-Appellant,**

v.

**GOVERNMENT OF GUAM, Defendant-Appellee.**

No. 24564.

United States Court of Appeals, Ninth Circuit.

May 26, 1970.

David S. Madis, of Miller, Critchfield, Eaton & Madis, Livermore, Cal., for appellant.

Frank G. Lujan, Atty. Gen., Duane Craske, Asst. Atty. Gen., Richard D. Magee, Deputy Atty. Gen., Govt. of Guam, Agana, Guam, for appellee. ·

Before JERTBERG, BROWNING and HUFSTEDLER, Circuit Judges.

JERTBERG, Circuit Judge:

Appellant appeals from a judgment of dismissal, with prejudice, of its complaint in contract for a money judgment against the appellee. Hereafter we will use the designation of the parties as they appear in the district court.

The dismissal was granted following the close of plaintiff's case, on motion of the defendant, made on the ground of the failure to establish a prima facie case.

The jurisdiction of the district court was predicated upon the provisions of 48 U.S.C. § 1424. This court has jurisdiction under 28 U.S.C. §§ 1291 and 1294, as amended.

Plaintiff's claim, as set forth in its complaint, alleged in substance: That on the 13th day of November, 1964, the parties entered into a written contract[1] whereby plaintiff, among other things, agreed to appraise all property on the territorial real estate tax assessment rolls of Guam, and was to be paid in return therefor the sum of $110,000.00, plus $7.00 for each parcel appraised in excess of 19,130; that $110,000.00 was paid to the plaintiff pursuant to the terms of the contract; that defendant has never paid the sum of $19,509.00 for the additional 2,787 parcels appraised by the plaintiff; that defendant had admitted that plaintiff appraised more than 19,130 parcels, but disputes the actual number of additional parcels appraised; that pursuant to the provisions of the Government of Guam Claims Act, plaintiff filed its verified claim with the Attorney General of Guam on the 30th day of April, 1968; that on the 6th day of November, 1968, the claim was rejected by the Attorney General, and that plaintiff has exhausted its administrative remedies.

The defendant in its answer denied that any parcels in excess of 19,130 were appraised by the plaintiff, and denied that the defendant admitted that any parcels in excess of 19,130 had been appraised by plaintiff. All other allegations in the complaint were admitted. No cross-complaint or counterclaim was filed by the defendant, and no affirmative defenses are set forth in defendant's answer.

At the trial of the action plaintiff offered, and there was received in evidence, a letter dated May 5, 1967, directed to plaintiff by defendant, which letter was in reply to plaintiff's letter of April 17, 1967, requesting final payment of $32,000.00 according to the terms of the contract dated November 13, 1964, for real estate tax appraisal. The letter, *inter alia*, stated that:

"Section II, B of this agreement stated that the 'Government agrees to pay the total sum of $110,000.00. In the event there are more than 19,130 parcels to be appraised, the Government agrees to pay Company at the rate of $7.00 per additional parcel. From December 18, 1964, to December 4, 1966, the Government of Guam paid $110,000.00 to your company. *Only the amount due for excess parcels is still outstanding. Payment for this balance was deferred for two reasons: (1) duplication of 670 parcels you reported cannot be accepted and (2) unavailability of appropriation by the Legislature. The final figure verified by the Real Estate staff is 2,117 parcels over the 19,130 instead of your figure of 2,787 units. The correct amount is $14,819.00 rather than*

---

1. Copy of the contract was offered and received in evidence.

*$19,509.00. You were not notified earlier of the final figure, because verification of the correct number of parcels was not completed until last week.* Any outstanding balance or additional payments can be paid to Gaspard and Company, Inc., only upon passage of an appropriation by the Legislature. Your attention is invited to Section III of the contract which states that the agreement shall become null and void should the Legislature fail to appropriate the necessary funds. The agreement does not stipulate additional payment except the amount due to excess parcels." [Emphasis added.]

During the course of the presentation of plaintiff's case, the parties, through counsel, stipulated that the only issues involved in the case related to any work performed by plaintiff in appraising parcels in excess of 19,130, and payment therefor. This stipulation appears from the following colloquy between counsel:

"MR. TRAPP [attorney for plaintiff] : I believe, if I may say so, I believe Mr. Craske and I agree, the only issues were any work in addition to the original contract and the payments.

"MR. CRASKE [attorney for defendant] : Yes, sir, that is correct, simply the provisions concerning the excess parcels and whether or not any money is due for these to plaintiff.

"MR. TRAPP: That's right, the contract is admitted and everything else. The original payment of $110,-000 is admitted too.

"MR. CRASKE: Yes, right. So there is no question on that aspect of the case."

It was also stipulated during the course of the trial that plaintiff had fully complied with the requirements of the Government of Guam Claims Act.

The district court held that defendant's letter of May 5, 1967, directed to plaintiff, constituted an offer by defendant to settle plaintiff's claim for $14,-819.00, subject to appropriation by the Guam Legislature, and that since plaintiff did not accept such offer, defendant's admission of liability in the amount of $14,819.00 constituted only a compromise offer and not an admission of liability.

■ We are unable to find any support in the record for such holding. In our view the letter constitutes a clear admission on the part of the Government that plaintiff appraised 2,117 parcels over the 19,130, and that defendant was indebted to plaintiff in the sum of $14,-819.00.

"A declaration by a litigant contrary to his position in the lawsuit is admissible under an exception to the hearsay rule as an admission. It is positive evidence, that is to say, it is evidence which tends to prove the truth of the matter admitted. (See Code Civ.Proc. § 1870, subd. 2; Lane v. Pacific Greyhound Lines, 26 Cal.2d 575, 581 [160 P.2d 21]; Card v. Boms, 210 Cal. 200, 240 [291 P. 190]; 4 Wigmore on Evidence [3d ed. 1940], § 1048, p. 2; McBaine, California Evidence Manual [1st ed. 1945], § 257, p. 363.)"

Bonebrake v. McCormick, 35 Cal.2d 16, at pp. 18–19, 215 P.2d 728, 729 (1950). See also Factor v. C. I. R., 281 F.2d 100 at pp. 125, 128 (9th Cir., 1960), cert. den. 364 U.S. 933, 81 S.Ct. 380, 5 L.Ed.2d 365 (1961).

In view of the defendant's admission, the district court's findings of fact that:

"There was no testimony as to the number of extra parcels appraised under the contract."

and that

"The evidence was not sufficient to form a basis for plaintiff's claim."

are clearly erroneous.

■ The district court concluded that since the Government of Guam Claims Act was not in existence when the parties entered into the appraisal contract on the 13th day of November, 1964, the defendant was protected from suit based upon said contract under the doctrine of

Sovereign Immunity. The applicability of Guam's Claims Act was not in issue during the trial in the district court. In this respect it is stated in appellee's brief, at page 2:

"Appellee has not challenged the applicability of the Government Claims Act of Guam and the questions in this regard had no bearing on the outcome of the litigation."

and at page 4:

"The Government of Guam in its answer (C.T. 14) admitted that the Government Claims Act of Guam applied to the action and that the administrative procedure set out therein had been followed by Gaspard."

No further discussion of the applicability of Guam's Claims Act to plaintiff's complaint appears in appellee's brief.

We agree with the view expressed by appellee that the adoption of Guam's Claims Act operated to waive Guam's sovereign immunity in respect to plaintiff's claim. The contract, while dated the 13th day of November, 1964, provided for performance by the plaintiff, of its duties under the contract, over a period of at least twenty-two months. From December 18, 1964, to December 4, 1966, defendant paid to the plaintiff for the services rendered the sum of $110,000.00. On May 5, 1967, only the amount due for excess parcels appraised was unpaid. It was not until May 5, 1967, that the defendant reached the final figure that defendant was indebted to the plaintiff in the amount of $14,-819.00 for the appraisal of 2,117 additional units at $7.00 per unit. Plaintiff filed its verified claim under the Guam Claims Act on the 30th day of April, 1968, and the same was rejected on the 6th day of November, 1968. No contention is made that the running of any statute of limitation barred recovery of the amount set forth in plaintiff's claim.

We find nothing in Guam's Claims Act to suggest that claims existing at the time of the passage of the Act, and not barred by any applicable statute of limi-tations, were not encompassed by the Act's waiver of sovereign immunity.

The judgment of dismissal of plaintiff's complaint is vacated and set aside, and the cause remanded to the district court for a new trial consistent with the views herein expressed.