[Civ. No. 1506.   First Appellate District.—April 1, 1915.]

## JOHN L. DUNCAN, Appellant, v. F. A. HIHN COMPANY (a Corporation), Respondent.

CONTRACTS—AGENCY FOR SALE OF FRUIT BOXES—AMOUNT OF COMMISSIONS.—Where a contract between the manufacturer of fruit boxes and an agent for their sale in certain territory, which was already represented by another agent, provided that the former agent was to receive twenty-five per cent of the total commissions payable on the business done by the latter agent and itself should its individual sales amount to twenty-five per cent or more of such business, and in the event of its sales amounting to less than twenty-five per cent of such combined sales, it was to receive five per cent commission on the actual sales it made, it was not entitled to any commission other than the twenty-five per cent of the amount earned by the joint efforts of the agents specified in the contract, if its sales amounted to more than one-quarter of the joint sales.

ID.—ACCORD AND SATISFACTION—CHECK IN FULL SETTLEMENT OF ACCOUNT—SUBSEQUENT CONDUCT OF PARTIES.—An accord and satisfaction between the parties to a disputed account is not established by the acceptance and cashing of a check given in full settlement of the account, where the note which accompanied the check stated that the sender had no personal knowledge regarding the transaction, but relied on an inspection of its books of account, which seemed correct, and the recipient of the check did not apply the payment as closing the account, but merely gave the sender credit for it on its books, and thereafter negotiations looking to a settlement of the account were had between the parties.

APPEAL from a judgment of the Superior Court of Santa Cruz County and from an order denying a new trial.   Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Netherton & Johnston, for Appellant

Charles B. Younger, for Respondent.

KERRIGAN, J.—This is an action brought to recover the sum of $1327.56, with legal interest from January 12, 1911, and costs, the plaintiff contending that the amount is due from the defendant as the assignor of the California Pine Box and Lumber Co., a corporation.   The court gave judg-

ment in favor of the defendant, and denied plaintiff's motion for a new trial, from which judgment and order this appeal is taken.

Plaintiff's claim is founded upon a written contract entered into between said California Pine Box and Lumber Co. and defendant by correspondence. The Box Company was engaged in the business of manufacturing and selling, among other things, fruit boxes. White and De Hart Co. had for some time been the agent of the Box Company in Watsonville Territory. In the year 1908 F. A. Hihn Co., desiring to represent the Box Company in that field, entered into a contract with it, by the terms of which the former was to receive twenty-five per cent of the total commissions payable on the business done by White & De Hart Co. and itself should its individual sales amount to twenty-five per cent or more of such business; and in the event of its sales amounting to less than twenty-five per cent of such combined sales, it was to receive five per cent commission on the actual sales it made. The contract was entered into in April, and was to be effective until December 31, 1908. In effect, the contract provides that if the F. A. Hihn Co. should make one-quarter or more of the sales effected by the joint efforts of itself and its co-agent in the Watsonville section, the total commission was to be shared in certain proportions; otherwise F. A. Hihn Co. was to receive five per cent commission only on the sales made by it.

No doubt, as suggested by the plaintiff, the defendant was anxious to get a footing in the fruit box business in and around Watsonville, and to that end was willing to make concessions in favor of the old and principal agents of the Box Company; and perhaps, too, the defendant did not expect to sell much more than one-quarter of the boxes to be disposed of by the joint agency. However that may be, the fact is it sold nearly half as many; and it now contends as it did in the trial court, that it is entitled not to twenty-five per cent of the commission due on the combined sales, but to five per cent on all sales made by it. In making returns to the Box Company it credited itself with commissions on this basis. The suit, which was brought by the assignee of the Box Company, is to recover the difference between the amounts arrived at by these different methods of calculation.

We think it quite plain under the terms of the contract,

that White & De Hart Co. and the defendants were to operate together as joint agents until the end of the year, and that the defendant was not entitled to any commission other than the twenty-five per cent of the amount earned by the joint efforts of the agents specified in the contract, if its sales amounted to more than one-quarter of the joint sales.

The defendant, however, depends principally for an affirmance of the judgment of the trial court upon its claim that the evidence established an accord and satisfaction between the parties. As we have just seen, there was a controversy over the amount due to the Box Company; and while matters were in this state the defendant, in January, 1911, sent to the Box Company a check, saying in an accompanying note that it was "in full settlement of the account." The check was cashed by the Box Company; and the defendant now contends that the receiver of the check having accepted it, it must be regarded as having done so subject to the condition that it was in full settlement of the account, and that thus an accord and satisfaction is established, citing section 1521 of the Civil Code and *Creighton* v. *Gregory*, 142 Cal. 34, [75 Pac. 569].

This would doubtless be true if the statement just made embraced all that was done in relation to this phase of the case, but, unfortunately for the contention of the defendant, it does not. In its note accompanying the check the defendant (which, by the way, the record shows was disposed to be very fair throughout the whole controversy) stated that it had no personal knowledge regarding the transaction, but relied on an inspection of its books of account, which seemed correct. The Box Company itself did not apply the payment as closing the account, but merely gave the defendant credit for it on its books, and its subsequent monthly statements to the defendant disclosed such application of the check—to all of which the defendant made no objection. In December, 1911, the defendant, in answering a rather insistent demand for a settlement of the account, stated among other things that the Box Company having accepted the check referred to with the condition noted in the letter accompanying it, entitled the defendant to take the position that the account was "squared." "However," continues the letter, "we shall be pleased to further consider this matter, should you disagree." Three days later the defendant in another letter to the Box Company, after again referring to the circumstance that it

had no personal knowledge concerning the correctness of the account, but was compelled to depend upon its books, which appeared to be correct; and after also referring to long-standing friendly relations between them, wrote that ''in order to dispose of the difference, etc., we hereby inclose a check for $214.16, and tender the same in full settlement and adjustment of all accounts.'' This check was returned, and the Box Company assigned its claim to the plaintiff, who immediately commenced this action.

The conduct of the parties themselves taken as a whole shows unmistakably, we think, that they did not consider the acceptance of the check of January, 1911, a final settlement of the account.

Defendant relies to sustain its position on the case of *Creighton* v. *Gregory*, 142 Cal. 34, [75 Pac. 569], but there is nothing in the views which we have just expressed that is in conflict with that case. There the defendant gave the check in full payment of a disputed account, and it was signed at plaintiff's request and cashed by him. The court determined that the plaintiff must be held to have known that the defendant signed the check on the supposition that it closed the transaction and ended their dealings under the contract; that plaintiff was estopped to deny the effect of his deliberate act under the circumstances disclosed. Here, as already stated, there was a time during negotiations looking to a settlement of the account, when the defendant, on the authority of the case just cited, could perhaps have successfully regarded the transaction as closed. This, however, was not done; and, as before stated, viewing all that was said and done concerning the adjustment of the account, it cannot be held that the plea of accord and satisfaction is sustained by the evidence.

In passing upon this case we have spoken only of the contract of the year 1908, while the contract of 1909 is also involved; but this is because it is conceded that if the plaintiff is correct in his construction of the former contract, he is entitled to the judgment demanded, with legal interest from January 12, 1911. We agree with plaintiff, and it follows from what has been said that the judgment and order appealed from should be reversed, and it is so ordered.

Lennon, P. J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 30, 1915, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 27, 1915.