[Civ. No. 5395. First Appellate District, Division Two.—February 6, 1928.]

VERA B. GUNST, Administratrix, etc., v. J. B. ZIMDARS et al., Defendants; B. B. CORY, Cross-Complainant and Appellant.

True Van Sickle and Thomas W. Firby for Appellant.

Arthur H. Barendt for Respondent.

BURROUGHS, P. J., *pro tem.*—This is an appeal by the defendant B. B. Cory from a judgment quieting plaintiff's title to lot 6 in block 8 of Sunnyside in the city and county of San Francisco. March 11, 1912, the Homeland Company, then a corporation, was the owner of a tract of land of which said lot 6 was a part. On that day the said company

made, executed, and delivered to one T. C. Judkins a mortgage covering all of said land, including said lot 6. The said mortgage was recorded in the office of the county recorder of said city and county on March 13, 1912. The real owner of said mortgage and the debt secured thereby was this appellant B. B. Cory. On February 26, 1918, the said mortgage was formally assigned to him by the said Judkins. On March 31, 1913, the Homeland Company entered into a contract of sale with the respondent herein, whereby it agreed to sell to respondent said lot 6, and upon the performance by the latter of certain conditions named therein to convey to him a good and sufficient title thereto, free and clear of all encumbrances. Said contract of sale was duly recorded in the office of the recorder of said city and county on July 16, 1913. The Homeland Company, on October 1, 1915, conveyed its title to all of said property to the defendant Thomas A. Fisher. January 31, 1917, T. C. Judkins commenced an action to foreclose the mortgage against the said Homeland Company, Thomas A. Fisher and this respondent. February 4, 1918, the respondent herein having completed his payments in accordance with the terms of said contract of sale, said Thomas A. Fisher, as the successor in interest of the Homeland Company, on March 23, 1918, made, executed, and delivered to respondent a deed to said lot 6, and said deed was duly recorded April 2, 1918. On January 20, 1920, on motion of counsel for the plaintiff in the said foreclosure suit herein mentioned, the said action was dismissed as against this respondent who, as heretofore said, was a defendant in said action. On January 12, 1920, the said foreclosure proceedings were carried to judgment as against the Homeland Company and Thomas A. Fisher, and on February 17, 1920, the defendant B. B. Cory purchased all of said property under the foreclosure proceedings and on June 11, 1921, received a deed therefor. This action was commenced on January 15, 1923, and the complaint prays a judgment against the Homeland Company and Thomas A. Fisher in the sum of $700, being the amount which it is alleged he paid for said land, and also a judgment against the defendant Cory requiring him to make, execute, and deliver to the plaintiff a deed to said lot of land upon such terms as the court may deem just. The appealing defendant filed his

answer to the complaint and by a cross-complaint sought to quiet his title to the said lot 6 hereinbefore referred to. The said cross-complaint contains the usual allegations in an ordinary action to quiet title under the provisions of section 738 of the Code of Civil Procedure, and the plaintiff by his answer to said cross-complaint, raises the issue of title to said described tract of land. The trial court rendered its judgment quieting plaintiff's title to said land.

It is contended by the appellant that the court should have sustained his demurrer to the complaint; that plaintiff's action is one against the Homeland Company and Thomas A. Fisher for damages for breach of contract, and it appears from said complaint that this appellant was neither a party to the contract nor in privity therewith. We are of the opinion that this point was well taken and the demurrer should have been sustained, but it was overruled by the court. Appellant thereupon answered and by appropriate allegations in his cross-complaint tendered the issue of title to the tract of land described in the complaint and said issue, having been traversed by the plaintiff, the court was authorized to determine the question of title. *Faxon* v. *All Persons,* 166 Cal. 707 [L. R. A. 1916B, 1209, 137 Pac. 919], we believe is in point. That action was brought under what is commonly called the McEnerney Act (Stats. 1906 (Ex. Sess.), p. 78), to determine adverse claims to real property. One of the defendants appeared therein and by answer put in issue the title to the property in dispute. Judgment going against him, he thereupon appealed and made the objection that as the plaintiff had failed to bring himself within the provisions of the McEnerney Act the court was without authority to treat the case as an ordinary action to quiet title. The supreme court held that having appeared in the action and by appropriate allegations submitted his claim to the court, he could not complain. In the case at bar the appealing defendant, having tendered the issue of title, he cannot now complain that the court determined the issue thus presented by him.

It is further contended that the plaintiff's cause of action was barred by laches, but it appears from the uncontradicted record that plaintiff's action was commenced within a period of eighteen months after the appellant ob-

tained his deed to said tract of land. We are therefore of the opinion that the action was not barred by laches.

It is further claimed that material findings are not supported by the evidence. Finding five, which is one of the findings under attack, reads as follows: "That on or about the 20th day of January, 1920, the attorneys for the plaintiff in said action to foreclose moved to dismiss said action as to the defendant Joseph Gunst, and said motion was granted, but said action was not dismissed as to the said lot number 6 in block number 8, though it was the intent of the parties to the foreclosure that said action should be dismissed both as to said Joseph Gunst and as to said lot 6 in block 8." It is contended that there is no evidence that the parties to the foreclosure intended to dismiss said action both as to said Gunst *and as to said lot.* The only evidence in support of this finding is the testimony of Mr. Zimdars, a former director of the Homeland Company and now one of its trustees, as follows: "The Homeland Company is the owner of the property. At the time it made this contract with Mr. Gunst the property was mortgaged, the *pro rata* thereof on this lot was about $140. Then, about a year after this mortgage went on record, a contract was entered into with Mr. Gunst for the sale of this lot on installment payments. Long after that the Homeland Company made a conveyance of this lot to Thomas Fisher, including many other lots, and Mr. Gunst was thereafter directed to make payments to the bank, which he did. . . . Mr. Fisher collected the amounts that were payable on this contract from Mr. Gunst and he made him a deed, but he did not release this mortgage, and a suit for foreclosure was brought, and in that Mr. Gunst was made a defendant, Mr. Fisher was made a defendant and the Homeland Company was made a defendant, and I was one of the officers of the Homeland Company, and when I discovered that situation I went to the attorney who had charge of that matter and requested that this action be dismissed against Mr. Gunst, and that he be not included in the judgment, and my understanding was that there was enough property left to satisfy that mortgage. . . . The action was dismissed as to Mr. Gunst, but when it came to entering the decree of foreclosure the lot appeared in that decree and it was sold in accordance with that decree. Now there has

been no foreclosure of mortgage against Mr. Gunst and the time for any action of that kind has long since passed by.'' We are of the opinion that this uncontroverted evidence that the attorneys for plaintiff dismissed the action as to this plaintiff upon the request of a director of the Homeland Company was sufficient to support an inference that it was intended to dismiss the action not only as to this plaintiff, but also to dismiss as to the tract of land claimed by the plaintiff. The only possible reason that this plaintiff was a proper party to said action was for the purpose of foreclosing whatever interest he might have had in the lot claimed by him, as no personal judgment could have been rendered against him on the debt secured by the mortgage.

It is also claimed that the following findings are not sustained by the evidence. Finding eight to the effect that respondent did not know at the time of the execution and delivery of the so-called Fisher deed that Fisher was not able to convey plaintiff a clear title to the land. Finding nine to the effect that on or about March 1, 1922, the plaintiff herein learned that the recorded title to said lot of land stood in the name of appellant. Finding thirteen to the effect that it was not true that plaintiff had knowledge of any of the matters clouding his title to said lot of land prior to March 1, 1922. We deem it unnecessary to consider the evidence bearing upon these findings, because, in view of finding five above set forth, these findings become immaterial in that by said finding five the court found that it was intended to dismiss the foreclosure action as to said lot 6, and the further reason that we do not consider the doctrine of laches as applying to plaintiff's cause of action. Nor do we believe that the case of *Burns* v. *Hiatt*, 149 Cal. 617 [117 Am. St. Rep. 157, 87 Pac. 196], cited by appellant, applies to the case at bar. In the cited case it was held that in an action to quiet title against a defendant who held a mortgage on the premises described in plaintiff's complaint, but which mortgage had been foreclosed without making the plaintiff in that action a party, the plaintiff was not entitled to a decree unless plaintiff paid the defendant's mortgage, but in the case at bar such a condition does not arise as it was intended by all the parties to the foreclosure proceedings to dismiss that action as to this plaintiff.

It is further claimed by appellant that there is no finding of the trial court that respondent had any title or interest in the lot at the time this action was commenced, also that there is no finding as to whether respondent's answer to the cross-complaint was true or untrue. This contention is based upon the finding that none of the allegations of the answer or cross-complaint of appellant, "wherein they controvert any of the findings of fact in favor of plaintiff hereinbefore set forth, are true," but an examination of the findings made by the trial court shows that they are full and complete and respond to all of the material issues. This disposes of all the points presented by appellant for a reversal of the judgment.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.