[Civ. No. 5534. Third Appellate District.—July 6, 1936.]

HARRY PEAL, Respondent, v. GULF RED CEDAR COMPANY OF CALIFORNIA, INC. (a Corporation), Appellant.

Hubert H. Briggs and Frederick L. Felton for Appellant.

Levinsky & Jones and James C. Nichols for Respondent.

STEEL, J., *pro tem.*—Plaintiff and respondent herein brought this action to recover the sum of $1990, damages alleged to have been sustained by him in lost profits by reason of the failure of the defendant to fulfill and complete the obligations of two certain contracts entered into between the parties. Trial was had before the court without a jury; judgment was entered in favor of plaintiff, and the defendant appeals.

Plaintiff is engaged in the burlap and twine business in the city of Stockton, and the defendant, a foreign corporation doing business in San Joaquin County, is engaged in` the manufacture of cedar pencil slats, using burlap to wrap the shipments thereof.

On February 11, 1931, defendant company signed an order with respondent for 50,000 yards of burlap, to be delivered in monthly shipments from June to December, 1931. Defendant took delivery of 34,000 yards, but failed to take delivery of the balance of 16,000 yards. On July 15, 1931, defendant placed another order with respondent for 150,000 yards of burlap, shipments to begin upon conclusion of the former order. Of this order none was taken by the defendant company.

During the latter months of the year 1931 the defendant company became involved financially, and a creditors' committee was named to take over the operation of the defendant's business. This committee continued to function throughout the years 1932, 1933 and into 1934, during which period plaintiff, on numerous occasions, contacted the company through the chairman of the creditors' committee, in an endeavor to have them take deliveries upon the orders theretofore given him, representing that he did not want to make any profit on the undelivered burlap, but that his brokers were pressing him, and he was about to be sold out, thereby sustaining a loss of $3,250, which loss he insisted would have to be assumed by the defendant company.

Plaintiff's efforts in this regard met with no success, the receiver claiming they could buy burlap cheaper elsewhere. Thereafter, and in the early part of 1933, after somewhat extended conferences with the president of the defendant company, and also with their attorney, an agreement was reached whereby plaintiff would make deliveries from time to time of the said balance of 166,000 yards of burlap, and would be paid therefor by defendant upon a basis of one and one-quarter cents per yard, over and above what plaintiff would pay therefor upon the market, thereby ultimately realizing a total of $2,075 in settlement of plaintiff's claim. This agreement was subsequently reduced to writing and forwarded to defendant company at Richmond, Virginia, for the signature of its president. The agreement was signed, and upon return thereof, plaintiff called at the office of defendant's attorney for the purpose of signing the same and closing the matter, whereupon defendant's counsel advised plaintiff that they were not going to close it, for the reason that they had learned plaintiff had not been sold out by his brokers and had not suffered a loss of $3,500, or any loss whatever. Shortly thereafter the instant action was commenced by plaintiff.

Appellant contends that the findings of the trial court are erroneous, in that the court failed to find as to the alleged defense of abandonment, waiver and accord and satisfaction; also, that certain findings are not supported by the evidence. An examination of the entire record shows such contentions to be without merit. Much of the evidence submitted was in reference to negotiations tending toward a compromise of

respondent's claim. This culminated when the agreement was drawn. The claim of the respondent at all times had as its foundation the two contracts in question. Appellant makes no claim that the contracts were rescinded, amended or modified, but that they were abandoned and waived by respondent in taking the position and representing he had suffered a loss of $3,250. The fact that a party may endeavor to adjust or settle an unliquidated claim for an amount in excess of that to which it subsequently developed he is legally entitled, cannot in itself be said to constitute either an abandonment or waiver of such claim.

It may be said that abandonment is made up of two elements, act and intent, and the intent must be gathered from all the facts and circumstances of the case. (1 Cor. Jur. 6; *Turner* v. *Markham,* 155 Cal. 562 [102 Pac. 272].) Likewise, waiver is largely a question of intent, and must be supported either by sufficient agreement or acts constituting an estoppel. (67 Cor. Jur. 296.) We find nothing in the evidence sufficient to establish such defenses. The general finding of the trial court against the affirmative defenses of abandonment and waiver is sufficient. (*Brovelli* v. *Bianchi,* 136 Cal. 612 [69 Pac. 416].)

Where the defense of accord and satisfaction is relied upon, the burden is upon the defendant to show the satisfaction as well as the accord. (*Berger* v. *Lane,* 190 Cal. 443 [213 Pac. 45]; *Russell* v. *Riley & Peterson,* 82 Cal. App. 728 [256 Pac. 557].) This defense, under the settled rule of pleading, should be specially pleaded in order to be available as a defense. (*B. & W. Engineering Co.* v. *Beam,* 23 Cal. App. 164 [137 Pac. 624]; *Carpenter* v. *Markham,* 172 Cal. 112 [155 Pac. 644].)

The judgment is affirmed.

Thompson, J., and Pullen, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 31, 1936.