[Civ. No. 7267. Third Dist. Dec. 10, 1946.]

WILLIAM R. OWENS, Respondent, v. E. B. NOBLE et al., Appellants.

210

Pugh & Pugh and Fred C. Pugh for Appellants.

Curtiss E. Wetter for Respondent.

ADAMS, P. J.—The complaint in this action was stated in two counts, but was tried upon the first one only. It was

alleged in said first count that the defendant Westover Company is a corporation; that on or about March 1, 1938, plaintiff and defendant corporation, acting through defendant E. B. Noble, orally formed a partnership for the purpose of buying, running and selling cattle; that by the terms of said partnership agreement the Westover Company was to purchase livestock, and plaintiff was to devote his time to the management of the partnership affairs, and the partners were to share equally in the profits and losses, and that the firm was to continue until dissolved by consent of the partners; that the partnership continued until February 2, 1943, when it was suspended; that at the time of said suspension there was due and unpaid to plaintiff as his part of the profits the sum of $4,788.51 (subsequently amended to read "an undeterminate sum"), which money was in the possession of defendants and to which plaintiff was entitled. The prayer was for the sum of $4,788.51 and costs of suit, that "The dissolution of the said partnership be declared and a settlement of the business and accounts of said partnership be made," and for general relief.

Defendants filed an answer and a cross-complaint. In the answer they admitted the formation of the partnership "for the purpose of buying, running and selling cattle," but alleged that under the agreement defendant Westover Company was to purchase cattle, furnishing the entire capital for purchasing, shipping, feeding and caring for same; that cattle were purchased in the fall, wintered on defendants' ranches and range, and in the summer taken to defendants' summer ranges and there kept until sold. They denied that plaintiff was to devote his time to "the management of partnership affairs," alleging that he was to devote his time to care of the cattle, and that the corporation, through Noble, generally provided the management of said partnership. They further alleged that the partnership was dissolved by mutual consent on February 2, 1943, and denied plaintiff's allegation that there was money due him. They further alleged, however, that "there has been no accounting had as to the number of cattle on hand, and as to other assets belonging to said partnership on February 2, 1943, or at all, or as to the expenses incurred by said partnership in connection with the feeding and care of the cattle on hand, nor have the net profits, if any, to be divided between said partners been ascertained." They prayed that "an account be taken of all the said co-

partnership dealings and transactions and all money received and paid by plaintiff and by defendants respectively, and that after the partnership debts and liabilities are paid, the surplus, if any, be divided between plaintiff and defendant Westover Company according to their respective interests, and for such other and further relief as may be just and equitable, and for defendant's costs.''

In their cross-complaint defendants alleged the formation of the partnership, but asserted that Owens was to devote his time to the care of the cattle under the management of Noble, and that the cattle purchased should be sold annually and the net profits divided equally between plaintiff and the corporation. They again alleged that the partnership had been dissolved by mutual agreement on February 2, 1943, that there had never been a full and complete accounting of the affairs of the copartnership, that a dispute had arisen as to the number of cattle and other property on hand at the time of the dissolution, and again prayed for an accounting and for general relief.

The cause was tried by the court sitting without a jury, it being agreed by counsel for the parties that it should be tried upon the first cause of action and the cross-complaint. Findings were made in accordance with the complaint filed by plaintiff, to wit, that the partnership was formed for the purpose therein alleged, that plaintiff was to devote his time to the management of the partnership affairs, and that he and the corporation were to share equally in profits and losses; that the partnership was terminated on February 2, 1943, but that at that time there were on hand a number of cattle in the profits of which plaintiff had an interest, said profits being undetermined; that no accounting was had at the time the partnership was terminated, except the annual accounting to October 7, 1940; and that by reason of the extent of the accounting to be taken, a referee should be appointed to take and state an account of the dealings between the parties from October 7, 1940, to February 2, 1943.

An interlocutory decree was made and entered April 19, 1945, appointing a referee and stating the matters to be reported upon by him. Thereafter, a report of the referee was filed, together with a transcript of testimony taken by him. Said report stated the number of head of cattle purchased between October 7, 1940 and February 2, 1943, and the price paid for same, the number sold during said period and the

amount received for them, the assets on hand on February 2, 1943, and the value thereof, the expenses of the partnership, and the amounts that had already been paid to plaintiff. The conclusion was that there was a balance due plaintiff of $15,591.90.

Defendants filed objections and exceptions to the findings of the referee, but his findings were approved by the court which filed further findings of fact incorporating the former ones, and adopting those of the referee; and judgment was entered thereon awarding plaintiff $15,591.90, with interest and costs. A motion for a new trial was made and denied and this appeal is taken from both the judgment and the order denying a new trial.

On this appeal it is contended by appellants that respondent was bound by the partnership settlements of February 21, 1942 and February 2, 1943, and it was error for the court to go behind these settlements in the absence of fraud or mistake; that the trial court was not warranted, in the absence of fraud or mistake, in disregarding the interpretation of the contract by the parties, and requiring appellants to account for 1,447 head of cattle in which respondent claimed no interest prior to the trial; that respondent was bound by the allegations and admissions of his complaint, and his maximum recovery should have been limited to $4,788.51; that neither the interlocutory judgment nor the final judgment is supported by the findings, and the findings are not supported by the evidence; and that the court erred in denying appellants' motion for a new trial.

As for the first of appellants' contentions, we are unable to reconcile it with their own pleadings. If appellants mean that there was an accord and satisfaction on February 21, 1942, and on February 2, 1943, and for that reason no testimony should have been received or considered regarding any transactions prior thereto, not only was no accord and satisfaction pleaded, but on the contrary appellants in their answer and in their cross-complaint alleged that there never had been an accounting between plaintiff and the corporation as to the number of cattle and other assets belonging to said partnership at the time of the dissolution on February 2, 1943; and in both of their said pleadings they prayed for an account of "all copartnership dealings and transactions," etc. It is therefore obvious that they are now complaining because the trial court did exactly what they asked it to do, and they

cannot complain because the court granted the relief for which they particularly prayed. (*Watterson* v. *Knapp*, 35 Cal App.2d 283, 288 [95 P.2d 154]; *Gunst V. Zimdars*, 89 Cal. App. 37, 40 [264 P. 544].) In a recent case, *Union Oil Co.* v. *Union Sugar Co.*, *(Cal.App.) 173 P.2d 700, the court stated the well established rule that the theory of a case as presented by the pleadings and upon which it is tried, determines the course of the action and must be adhered to throughout the proceedings until conclusion of the case on appeal; that a different practice would be unfair to the trial court and unjust to the opposing litigant. Numerous cases supporting this principle are there cited and the court said, significantly, that "A party to an action may not depart from the course it has set for itself, but must adhere to the theory on which the case was based and not meander like a stream that changes its direction whenever a new obstacle is encountered."

The record shows that during the course of the trial it was assumed by both parties that testimony regarding all transactions subsequent to 1941 was pertinent, appellants' counsel saying, in response to a question by the court, "I think there is nothing back of the 1941 settlement." Testimony regarding transactions subsequent to 1941 was introduced by both parties. While the evidence shows that on February 2, 1943, plaintiff received a check for $22,732.80 which bore the endorsement "In full settlement of all claims of whatsoever nature against Westover Co. and or E. B. Noble," and plaintiff eventually endorsed and cashed this check, he testified that he did not at once accept it when it was tendered and at that time claimed that there were at least 28 head of holdover cattle in which he had an interest and which were not included in the account; that he did not then accept Mr. Noble's figures. Mr. Noble testified also that on February 2, 1943, plaintiff claimed an interest in other cattle, and that he subsequently met plaintiff on the range and talked with him about the additional head he was to take. Also in subsequent correspondence with plaintiff's attorney Mr. Noble admitted that there were some cattle still on the range in which plaintiff had an interest, and that there was also cotton-cake which was subject to division between the parties. Plaintiff testified that he went out to receive the cattle which he claimed but

*Hearing in Supreme Court granted.

Mr. Noble would not permit him to take them. It is apparent, therefore, that at the time the check was tendered Mr. Noble himself conceded that it did not represent the full amount due plaintiff—which is in accord with defendants' own pleading.

As a general proposition an agreement of accord and satisfaction as a defense must be specifically pleaded (*Hansen* v. *Fresno Jersey Farm Dairy Co.*, 220 Cal. 402, 409 [31 P.2d 359]; *Berger* v. *Lane*, 190 Cal. 443, 447-448 [213 P. 45]; *Peal* v. *Gulf Red Cedar Co.*, 15 Cal.App.2d 196, 199 [59 P.2d 183]; *Locke* v. *Meline*, 8 Cal.App.2d 482, 483 [48 P.2d 176]; *Reed* v. *Cornell*, 54 Cal.App. 179, 180 [201 P. 608]); and here not only did defendants fail to plead accord and satisfaction, but on the contrary pleaded that there never had been an accounting. ■ Also, as was said in *Biaggi* v. *Sawyer*, 75 Cal. App.2d 105, 114 [170 P.2d 678], quoting from *Lapp-Gifford Co.* v. *Muscoy Water Co.*, 166 Cal. 25, 27, [134 P. 989], "Whether there was a dispute concerning the amount due and whether the tender was on condition that acceptance would be in full satisfaction, are primarily questions of fact for the trial court." In the case of *Work* v. *Associated Almond Growers*, 102 Cal.App. 232, 236 [282 P. 965], this court quoted from cited authorities as follows: "It is an essential element of accord and satisfaction by tender of a check, that the tender is subject to the condition that the acceptance of the check is satisfaction in full. This condition is not shown by the mere fact that the debtor accompanied the check with an account showing a balance equal to the amount of the check, and *it is disproved where the giving and acceptance of the check is followed by such conduct of both parties as clearly shows that they did not consider the check a final settlement of the debt.*" (Italics added.) Also see 1 Cal.Jur. p. 134, par. 10; *Lapp-Gifford Co.* v. *Muscoy Water Co.*, supra; *Duncan* v. *F. A. Hihn Co.*, 27 Cal.App. 152, 155 [148 P. 971]; *Wallace* v. *Crawford*, 21 Cal.App.2d 394, 404 [69 P.2d 455].

■ Appellants' next contention is that the trial court disregarded the interpretation put upon the partnership agreement by the parties themselves, and erred in requiring appellants to account to respondent for 1447 head of cattle. It is argued that certain cattle purchased by defendants were purchased solely for breeding purposes and were not intended to be considered in partnership transactions. But what in-

terpretation the parties put upon the agreement involves a question of fact. Also whether certain cattle were purchased solely for breeding purposes and, if so, they were not, for this reason, intended to be considered as partnership assets are questions of fact. The trial court has resolved these problems in favor of plaintiff, and we cannot say that there is insufficient evidence in the record to sustain its conclusions. While defendant Noble testified that in the spring of 1941 he bought part of the Diamond Ranch and was going to change his operations and run a breeding herd for the account of Westover Company, he admitted that he did not discuss any change of plans with plaintiff. And regarding this so-called change in operations plaintiff testified that it was not true that the agreement between the parties related only to "feeder stuff" and did not include breeding stock; that from time to time cows were purchased not only by defendants but by plaintiff, which, together with their calves, were included in partnership operations, and that their operations included the sale of cows and calves as well as steers and bulls; that he was never told that he was not to participate in the so-called breeder stock.

Also appellants argue that the agreement contemplated that plaintiff was to share only in the profits from sales made each year, and that he had no interest in such cattle as were carried over from one year to the next. Plaintiff testified that when he went into the deal all cattle were considered in the partnership; that at no time was there any segregation as between cows, heifers and "feeders"; that he was never advised that any particular cattle were not in the partnership arrangement, and there was no agreement that defendants could buy and sell cattle on their own account to the exclusion of the partnership. He also testified that cattle were usually held over for the winter if not sold during the year, and that such holdovers were counted in with partnership cattle. Appellants' argument that plaintiff had no interest in holdover cattle is hardly reasonable, for if it were true, appellants could have deprived plaintiff of his interest in cattle by merely holding them over for the winter. The books of the Westover Company carried all of the cattle under one account without segregation, plaintiff was charged with taxes on the cattle, including so-called breeding stock, and he was charged with a loss on several head of bulls. Also, according to appellant Noble, there were no cattle operations in

the year 1940 and the appellants leased out their Sierra Valley and Clover Valley ranches and divided the rent money equally with respondent. This evidence is sufficient to sustain the findings of the trial court.

█ As for appellants' next argument, that plaintiff's maximum recovery should have been the sum of $4,788.51, the amount originally alleged in his complaint to be due him, the complaint was amended in this respect without objection by defendants, and the words "an undeterminate sum" substituted for the figures $4,788.51. This was done at the beginning of the trial, after appellants' pleadings had been filed in which they had prayed for an accounting and asked that any surplus found be divided between plaintiff and Westover Company. Appellants cite no authority in support of this contention and it is without merit.

Equally without merit is their contention that the judgment is not supported by the findings nor the findings by the evidence. Appellants do not refer to any specific findings that lack support in the evidence, and the substance of their argument is, in effect, that the trial court should have found in accordance with appellants' theory of what the evidence shows. It is no more than an argument on conflicts of evidence.

The judgment is affirmed. As for the order denying a new trial, since such order is not appealable, the appeal therefrom is dismissed.

Peek, J., and Thompson, J., concurred.