WHYTE, P. J.
This case involves the troublesome question of a check for a lesser amount tendered as payment in full of a liquidated and undisputed claim and bearing an endorsement stating that by such endorsement the creditor releases the debtor “from any and all claims or liability of any kind” as of the date of said check.
Upon a reading of Civil Code section 1524: “Part performance of an obligation, either before or after a breach thereof, where expressly accepted by the creditor in writing, in satisfaction, or rendered in pursuance of an agreement in writing *977 for that purpose, though without any new consideration, extinguishes the obligation” and Civil Code section 1541: “An obligation is extinguished by a release therefrom given to the debtor by the creditor, upon a new consideration, or in writing, with or without new consideration,” the matter appears simple and undisputable. The original obligation herein involved has been settled and discharged.
Upon a reading of Berger v. Lane (1923) 190 Cal. 443 [213 P. 45] ; Grayhill Drilling Co. v. Superior Oil Co. (1952) 39 Cal.2d 751 [249 P.2d 21] and a myriad of other cases[1] wherein the statement is made that a bona fide dispute as to the amount due is essential to an accord and satisfaction, the matter appears equally simple and undisputable. It is conceded that there was no dispute as to the amount due on the original obligation, hence there was no accord and satisfaction and the balance is still due.
This conflict led to a series of amusing, entertaining and inconclusive articles by two prominent Los Angeles attorneys wherein the writers reached tentative and opposite conclusions.[2] Another law journal writer appears to reach the conclusion that in a case such as the one at bar the debt is discharged. (Smith, Exceptions to Consideration Requirement in California:, 12 Hastings L.J. 377, beginning at p. 394.) After discussing Civil Code sections 1521, 1522, 1523, 1524, 1530,1531 and 1532, the writer concludes: “Part performance must be accepted in writing. Accord and satisfaction can be oral or evidenced by conduct. This permits part payment, without more, to work an accord and satisfaction, and the ‘check cashing rule’ in all of its ramifications has been the important body of case law under the accord and satisfaction statute. Accord and satisfaction is a contract concept, however, so that part payment of an undisputed obligation will not operate as an accord and satisfaction. Written acceptance of part payment will, on the other hand, discharge an undis *978 puted obligation. ’ ’ Also, the United States Supreme Court assumes that by statute the law of California has been changed so that part payment of a liquidated claim, when accepted in writing as full settlement, is sufficient to discharge the entire obligation. (Chicago, M. & St. P. Ry. Co. v. Clark (1900) 178 U.S. 353 [44 L.Ed. 1099, 20 S.Ct. 924].)
Perhaps a part of the difficulty arises from the historic sources of Civil Code sections 1521, 1522 and 1523 on the one hand and section 1541 on the other. The former sections are a codification of the common law where consideration is a test of the validity of a contract. Section 1541 on the other hand has civil law antecedents. Under the civil law, “cause” not “consideration” is the test.[3]
Two cases have squarely faced the problem with which we are confronted. (Ingram, & Co. v. N. B. Blackstone Co., Inc. (1931) Civ.A 404; Schwartz v. California Claim Service Ltd. (1942) 52 Cal.App.2d 47 [125 P.2d 883].) Both reach the conclusion that the original undisputed obligation was discharged by acceptance of the tendered check bearing an endorsement similar to the one herein.[4]
Occasionally the appellate courts have noted the distinction pointed out by Mr. Smith in the Hastings Law Journal article above noted without discussing its significance.[5] Equally, if not more often, the appellate courts have, at least by way-of dicta, laid down a rule contrary to that set forth in Civil Code sections 1524 and 1541 without mentioning the existence of those sections. In this case, however, the issue is squarely and unavoidably presented. In view of the clear wording of Civil Code section 1524, its apparent intent to change the common law requirement of consideration in the cases covered by it,[6] *979 and the former holding of this court, we hold that where, as here, the endorsement is admitted, is unequivocal and clearly states that the cheek is accepted as a complete discharge of the debt, such is the result. We do this notwithstanding the oft repeated[7] statement that absent a bona fide dispute, payment of a lesser sum will not discharge the larger obligation.[8] Our conclusion is strengthened by Civil Code section 1541.
The judgment is affirmed; respondent to recover his costs on appeal.
Vasey, J., and Wong, J., concurred.

 Among others see: Rued v. Cooper (1897) 119 Cal. 463 [51 P. 704] ; Creighton v. Gregory (1904) 142 Cal. 34 [75 P. 569]; Lapp-Gifford Co. v. Muscoy Water Co. (1913) 166 Cal. 25 [134 P. 989]; Potter v. Pacific Coast Lbr. Co. (1951) 37 Cal.2d 592 [234 P.2d 16]; Everhardy v. Union Finance Co. (1931) 115 Cal.App. 460 [1 P.2d 1024]; Swerdfeger v. United Acceptance Corp. (1935) 9 Cal.App.2d 590 [50 P.2d 818], Strangely, all of these cases appear to overlook that portion of Civil Code section 1521 which provides that an accord may he effected hy accepting something “less than” that to which the person is entitled.

Ira M. Price II, “Payment in Full”—Or is It? 29 L.A. Bar Bull. 99; Peery Price, “Too Little Payment for so Great a Debt”—Or is it? 29 L.A. Bar Bull. 135; Ira M. Price II, “Too Little Consent for so Great a Settlement”—Or is it? 29 L.A. Bar Bull. 197.

Keyes, Cause and Consideration in California—A Re-appraisal, 47 Cal. L.Rev. 74 at 87, 88. Civil Code section 1524 is similar in import to section 3541.

Mathews v. Pacific Mut. Life Ins. Co. (1941) 47 Cal.App.2d 424 [118 P.2d 10]; Morrison v. Landers (1943) 56 Cal.App.2d 607, 614 [133 P.2d 34]; Biaggi v. Sawyer (1946) 75 Cal.App.2d 105 [170 P.2d 678]; and Crow v. P.E.G. Constr. Co., Inc. (1957) 156 Cal.App.2d 271 [319 P.2d 47], all contain dicta which would support the same conclusion.

E.g., B. & W. Engineering Co. v. Beam (1913) 23 Cal.App. 164 [137 P. 624]; Russell v. Riley & Peterson (1927) 82 Cal.App. 728 [256 P. 557].

See Code Commissioner’s note to section 1524 (1872) which reads as follows (p. 450): “Before the passage of the Act of 1868 (see Stats. 1868, p. 31), the rule of law was that payment of an amount less than that of a liquidated debt then payable was not a satisfaction thereof, though accepted as such. —Deland v. Hiett 27 Cal., p. 611 [87 Am.Dec. 102]; Pierson v. McCahill, 21 Cal., p. 122; but see, also, Gavin v. Annan, L. and Co., 2 Cal., p. 494. Such, also, is yet the settled law in *979 many of the States [15 citations].) This rule of the common law was not founded upon natural justice, nor can it be supported upon any other than technical grounds. An agreement to accept a barrel of flour in satisfaction of a debt of one thousand dollars was valid, and if the flour was delivered the debt was satisfied. So a release under seal, without any consideration, extinguished the debt. But an agreement to accept nine hundred and ninety-nine dollars in satisfaction of the debt was unavailing, and the obligation to pay the other dollar was unimpaired. In Pennsylvania the rule has been disavowed for over thirty years past. (Milliken v. Brown, 1 Rawle, p. 391.) It has been abolished in Maine by statute [citation]. The section given above is substantially the law of 1867-8.”

By courts and lawyers alike.

This statement is made also by John U. Calkins, Jr., then student editor of the California Law Review and later Professor at the School of Jurisprudence, who contended that the conclusion we have rejected was actually adopted in two early California eases, Peachy v. Witter (1901) 131 Cal. 316 [63 P. 468] and Rued v. Cooper, supra (1897) 119 Cal. 463 (note 1 Cal. L.Rev. 257). We view the language in these eases as dicta wholly unnecessary to the conclusions reached.