Opinion
COBEY, Acting P. J.
—Plaintiff, California Metal Enameling Company, a California corporation, appeals from a summaiy judgment entered in favor of defendants, Dean Waddington, doing business as Granite Glass Company,- and Kaiser Foundation Hospitals, in its action against them to foreclose a mechanics lien and for damages for breach of contract. The appeal lies. (Code Civ. Proc., § 437c.)
Plaintiff, in its briefs, however, challenges only the summaiy judgment in favor of Dean Waddington.[1]
Facts
On or about September 6, 1973, plaintiff submitted a written quotation to defendant covering the fabrication of laminated panels to be used in an addition to the Kaiser Hospital at Bellflower, California. This quotation was subject to acceptance on or before September 30, 1973, and the price quoted was based upon the fabrication being done before June 1974.[2] In response to this quotation defendant issued on or about November 14, 1973, its purchase order No. 5466.
*394 Apparently plaintiff’s fabrication of the laminated panels was done after June 1974 and more panels of a greater thickness were delivered than were called for in the 1973 quotation. The square footage involved, though, was apparently less. Furthermore the parties to the transaction differed as to exactly how many panels were delivered and according to defendant the delivery of the panels was late because of defective steel. Furthermore plaintiff submitted two new quotations for the panels in May 1975. These called for a greater number of panels at a higher price. According to defendant, he accepted these later quotations because plaintiff indicated that it would furnish no more panels to him without such acceptance.[3]
On or about July 21, 1975, defendant sent plaintiff a check in the amount of $25,393.14, marked on the front “for Kaiser Hosp.Bellflower” and bearing on its back the following typewritten indorsement “Endorser acknowledges full payment for material furnished Kaiser Hospital-Bellflower—(P.O. #5466 dated 11-14-73 plus 6% sales tax added) and releases all mechanic’s lien, stop notice, equitable lien & material bond rights.” Plaintiff received and, by stamp, indorsed this check for deposit in its bank account on July 25, 1975. The two persons who handled this check and who photocopied both sides of it for plaintiff failed to see this indorsement.
Following the cashing of this check, however, the parties continued to discuss whether defendant owed plaintiff anything on the panels and on September 4, 1975, plaintiff advised defendant that it still owed plaintiff $17,234.33 for the panels and the. exact basis for this claimed indebtedness.
Defendant must have rejected this claim because on January 22, 1976, plaintiff sued defendant for the just-mentióned amount and based its suit upon defendant’s acceptance of the two 1975 quotations. Defendant, after answering plaintiff’s complaint and undertaking some discoveiy, moved for summaiy judgment against plaintiff. The trial court, after considering the various papers on file in support of and in opposition to the motion and after hearing argument of counsel, granted the motion. Thereafter plaintiff moved the court to reconsider its action, but the *395 court denied the motion to reconsider.[4] Summary judgment was then entered and this appeal followed.
Discussion
The summary judgment before us is grounded on the conclusion of the trial court that plaintiff’s stamped indorsement for deposit of defendant’s specially indorsed check for $25,393.14 “constituted full accord and satisfaction and release of defendants by the Plaintiff.” We agree with this conclusion as a general proposition. (Civ. Code, §§ 1524, 1541;[5] Potter v. Pacific Coast Lumber Co., 37 Cal.2d 592, 597, 598-599 [234 P.2d 16]; cf. Petroleum Collections, Inc. v. Sulser, 265 Cal.App.2d Supp. 976, 976, 979 [70 Cal.Rptr. 537]; 1 Witkin, Summary of Cal. Law (8th ed. 1973) Contracts, § 706, pp. 593-594; §§ 710, 711, pp. 596-598; see also White & Summers, Uniform Commercial Code, § 13-21, pp. 452-454.)
A summary judgment, however, should not be granted if there is a triable issue as to any material fact. (Code Civ. Proc., §. 437c.) There would appear to be such an issue in this case respecting whether defendant’s payment of the $25,393.14 was actually regarded by the parties as a final settlement for the panels. That it was not so regarded is an inference reasonably deductible from the declaration of plaintiff’s controller and treasurer opposing defendant’s motion for summary judgment. In this declaration he states in effect that following the cashing of the specially indorsed check he discussed, both orally and in writing, with defendant’s sales manager certain specific further adjustments in the panel account between the parties.[6] Such *396 discussion would be completely meaningless if a final and complete settlement of the account had already been effected through plaintiff’s cashing of defendant’s check on July 25, 1975. (See Duncan v. F. A. Hihn Co., 27 Cal.App. 152, 154-155 [148 P. 971]; Work v. Associated Almond Growers, 102 Cal.App. 232, 236 [282 P. 965]; Owens v. Noble, 77 Cal.App.2d 209, 215 [175 P.2d 241]; D. E. Sanford Co. v. Cory Glass etc. Co., 85 Cal.App.2d 724, 730-731 [194 P.2d 127]; see also Conderback, Inc. v. Standard Oil Co., 239 Cal.App.2d 664, 683 [48 Cal.Rptr. 901].)
Disposition
The summaiy judgment for defendant, Dean Waddington, is reversed. That for Kaiser Foundation Hospitals is affirmed.
Allport, J., and Potter, J., concurred.

 As hereafter used the word “defendant” will refer to Waddington. We will affirm the unchallenged summary judgment in favor of Kaiser Foundation Hospitals.

 This quotation is the first exhibit to defendant’s deposition which constitutes competent evidence by stipulation of the parties. The four exhibits included therein were *394 merely identified and were never admitted in evidence. Defendant, however, testified in his deposition that exhibit 1 therein was a true copy of plaintiff’s September 6, 1973, quotation.

 According to defendant, plaintiff delivered panels to the general contractor on the job as well as to defendant, but charged only defendant higher prices for late delivery.

 The trial court indicated that it was without power to reconsider its grant of a summary judgment (see Dunas v. Superior Court, 9 Cal.App.3d 236, 240 [87 Cal.Rptr. 719]) and that in any event its reconsideration would be limited to what was before it at the prior hearing of defendant’s motion for summary judgment in view of plaintiff’s failure to seek relief under Code of Civil Procedure section 473. (See Farrar v. McCormick, 25 Cal.App.3d 701, 705-707 [102 Cal.Rptr. 190].)

 These sections have read for over 100 years as follows: “Part performance of an obligation, either before or after a breach thereof, when expressly accepted by the creditor in writing, in satisfaction, or rendered in pursuance of an agreement in writing for that purpose, though without any new consideration, extinguishes the obligation.” “An obligation is extinguished by a release therefrom given to the debtor by the creditor, upon a new consideration, or in writing, with or without new consideration.”

 The trial court granted defendant’s motion to strike as hearsay and without proper foundation a letter of September 15, 1975, attached to this declaration and incorporated therein by reference, from defendant’s sales manager to plaintiff’s just-mentioned treasurer. This letter contains an admission by defendant that defendant then owed plaintiff at least $7,468.85 on the panels. Such an admission by a party constitutes *396 admissible evidence under Evidence Code section 1220. (See Moving Picture etc. Union v. Glasgow Theaters. Inc., 6 Cal.App.3d 395, 404-405 [86 Cal.Rptr. 33].) Proper foundation for the letter was supplied by its opening statement that it was in response to the treasurer’s aforementioned letter of September 4, 1975, which letter was not stricken (Evid. Code, § 1420) and by the fact that the stricken letter refers to and states matters unlikely to be known by anyone other than defendant’s sales manager. (Evid. Code, § 1421.) Furthermore defendant himself testified that the signature to the stricken letter was that of his sales manager. (Evid. Code, § 1414, subd. (a).) Thus the letter of September 15, 1975, should not have been stricken and substantially strengthens plaintiff’s case that the conduct of-the parties subsequent to plaintiff’s cashing of defendant’s specially indorsed check was inconsistent with its being treated as an accord and satisfaction.