Bernice L. RANG, Executrix in the Matter of the Estate of Charles W. Rang, Sr., Deceased; Charles W. Rang, Jr.; Darla Browning, Appellants,

v.

The HARTFORD VARIABLE ANNUITY LIFE INSURANCE COMPANY, Appellee.

No. 89–5339SD.

United States Court of Appeals, Eighth Circuit.

Submitted May 18, 1990.

Decided July 16, 1990.

Richard J. Helsper, Brookings, S.D., for appellants.

Timothy M. Gebhart, Sioux Falls, S.D., for appellee.

Before McMILLIAN, Circuit Judge, FRIEDMAN,* Senior Circuit Judge, and ARNOLD, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

The principal question in this case, here on appeal from the United States District Court for the District of South Dakota, is whether the district court correctly held that under South Dakota law the appellants' endorsement of checks that stated on the back that such endorsement constituted "a clear release in full settlement" of an account was an accord and satisfaction. The second question is whether the district court justifiably refused to permit an amendment of the complaint to allege additional theories of liability. We affirm both rulings of the district court.

I.

A. In October 1986, Mr. and Mrs. Rang purchased from the appellee, The Hartford Variable Annuity Life Insurance Company (Hartford), a variable annuity for $32,-805.72. Payments under the annuity would begin in January 1994.

Mr. Rang died on August 17, 1987. On that date the value of his annuity contract was $39,098.40. Hartford received written proof of Mr. Rang's death on December 4, 1987. Because of the intervening stock market "crash," the value of his annuity contract on the latter date was less than the $32,805.72 the Rangs had paid for it.

The annuity contract provided that if the annuitant died before the annuity payments began, the beneficiaries under the contract "will receive the value of the contract ... on the date of receipt of Due Proof of Death at the Offices of the Company except that if" upon such death the annuitant was less than 75 years old (which Mr. Rang was when he died), the beneficiary "will receive the greater of the then value of the contract or 100% of the Purchase Payment...."

Hartford interpreted the contract as providing that the value of the annuity be determined as of the date on which it received proof of death. Since that value was less than the amount the Rangs had paid, Hartford sent each of the two beneficiaries (the Rangs' adult children) a check for $16,408.86, which was half the amount the Rangs had paid for the annuity. Each check stated on its face that it was "in full settlement of Death benefit proceeds from" the Rangs' variable annuity account, and contained on the top of the back side the following words in clear capital letters:

THE ENDORSEMENT OF THIS CHECK BY PAYEE CONSTITUTES A CLEAR RELEASE IN FULL SETTLEMENT OF THE STATED ACCOUNTS.

Each of the payees endorsed the check directly below these words.

B. In March 1988, the beneficiaries to whom payment has been made and the executrix of Mr. Rang's estate filed suit against Hartford in a South Dakota State court. They contended that under the annuity contract, they are entitled to the value of the annuity as of the date of Mr. Rang's death, and therefore sought contract damages of $6,297.68 representing the difference between that value and the amount the beneficiaries had received. The complaint also asserted three State law tort claims, each seeking damages of $100,-000, for Hartford's breach of its duty to deal fairly with the beneficiaries, and for intentional and negligent infliction of emotional damages. Hartford removed the case to federal court.

Each side moved for summary judgment. The plaintiffs also moved to amend their complaint to assert that the requirement that Hartford receive proof of death at its main office was unconscionable, that Hartford had notice of Mr. Rang's death in September 1987, when its agent who had sold the annuity to the Rangs learned of the death, and that the annuity contract should be valued as of either the date of Mr. Rang's death or the date in September when Hartford's agent was informed of the death.

* DANIEL M. FRIEDMAN, Senior Circuit Judge, of the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

The district court granted Hartford's motion for summary judgment and denied the plaintiffs' motion for summary judgment and to amend their complaint. *Rang v. Hartford Variable Annuity Life Ins. Co.,* No. Civ. 88-4050 (D.S.D. May 18, 1989). The court held that the plaintiffs' breach of contract claim was barred because the beneficiaries' endorsement and cashing of the checks constituted an accord and satisfaction. The court stated:

The law is settled in South Dakota that endorsement of a check with a "full payment" clause constitutes an accord and satisfaction in the absence of duress or fraud. No claim is made here, nor could any be made, that the defendant practiced duress or fraud upon the plaintiffs.

Slip op. at 6 (citations omitted).

The court rejected the State law tort claims, and the appellants have not challenged those rulings on this appeal.

In denying the motion to amend the complaint, the court stated that the requirement that Hartford be furnished proof of death at its home office "is not unconscionable as a matter of law," that the "amended complaint does not alter the result that an accord and satisfaction occurred, barring the plaintiffs' claim for breach of contract," and that "[b]ecause the plaintiffs' amended complaint would not withstand a motion for summary judgment, the plaintiffs' motion to amend their complaint will be denied." *Id.* at 10–11.

## II.

■ The appellants contend that the district court erred in holding that the beneficiaries' endorsement and cashing of the checks constituted an accord and satisfaction. They assert that under South Dakota law, an accord and satisfaction requires that the payment the creditor accepts must cover a "disputed" amount. They argue that since, at the time the checks were cashed, the beneficiaries were unaware of their possible claims for a higher payment, there was then no "dispute" over the amount due the beneficiaries that could be the subject of an accord and satisfaction.

The appellants rely primarily upon statements by the South Dakota Supreme Court that an accord and satisfaction results if a party accepts a check for a "disputed" amount or claim. Those statements, however, were made in cases in which the amount was disputed. They do not address the different issue before us: whether under South Dakota law the acceptance and cashing of a check "in full settlement" of an account constitutes an accord and satisfaction of the indebtedness, even though at that time there was no actual dispute over the amount due.

The district court stated that

[t]he South Dakota rule on accord and satisfaction is stated in S.D.C.L. § 20-7-4 (1987) as follows:

Part performance of an obligation, either before or after a breach thereof, when expressly accepted by the creditor in writing [ ... ] for that purpose though without any new consideration, extinguishes the obligation.

Slip op. at 5.

Although at common law acceptance of part of a liquidated (*i.e.,* undisputed) claim was not a valid accord and satisfaction because it lacked consideration, South Dakota has "avoided" "the hardship of th[at] rule" by enacting the predecessor of S.D.C.L. § 20-7-4. *Eberle v. McKeown,* 83 S.D. 345, 351, 159 N.W.2d 391, 394–95 (1968) (discussing S.D.L. § 47.0236 which is identical to S.D.C.L. § 20-7-4). S.D.C.L. § 20-7-4 appears to cover the present case. Even assuming *arguendo* that Hartford's obligation was to pay the beneficiaries the value of the annuity contract as of the date of Mr. Rang's death, the beneficiaries "expressly accepted" a lesser amount in writing by endorsing the checks that on their face stated they were "in full settlement of death benefit proceeds from" the Rangs' account and that stated above the endorsing signatures that the endorsement "constitutes a clear release in full settlement" of the stated accounts.

The South Dakota Supreme Court does not appear to have decided the question before us. A California appellate court, however, has held that under a California

statute identical to the South Dakota statute involved in *Eberle* (which, as noted, was the predecessor of S.D.C.L. § 20–7–4), the cashing of a check for less than the full amount "of a liquidated and undisputed claim" that contained a "full settlement" statement constituted an accord and satisfaction. Relying upon, among other things, "the clear wording" of the California statute and "its apparent intent to change the common law requirement of consideration in the cases covered by it," the court stated: "we hold that where, as here, the endorsement is admitted, is unequivocal and clearly states that the check is accepted as a complete discharge of the debt, such is the result. We do this notwithstanding the oft repeated statement that absent a bona fide dispute, payment of a lesser sum will not discharge the larger obligation." *Petroleum Collections, Inc. v. Sulser*, 265 Cal.App.2d Supp. 976, 70 Cal.Rptr. 537, 539 (1968) (footnote omitted).

This reasoning is convincing, and we conclude that if the South Dakota Supreme Court were presented with the issue, it would follow that California case.

The appellants contend that when they cashed the checks, the reason there was no dispute over the amount due them was that they were unaware of their potential claim for an additional amount. Since a dispute over the amount of the indebtedness is not required for a valid accord and satisfaction, the reason why there was no dispute is irrelevant.

■ We give great weight to an experienced district judge's determination of a State law question on which the State courts have not ruled. *See Keltner v. Ford Motor Co.*, 748 F.2d 1265, 1267 (8th Cir.1984). We have no reason to disagree with the conclusion of the district court in this case that under South Dakota law the beneficiaries' endorsement of the checks constituted an accord and satisfaction that bars their suit to recover additional amounts under their parents' variable annuity contract.

III.

■ The district court justifiably denied the motion to amend the complaint because the amended complaint could not have withstood a motion for summary judgment. In that situation, amendment of the complaint properly may be denied. *Weimer v. Amen*, 870 F.2d 1400, 1406–07 (8th Cir. 1989).

The amended complaint would have added two additional causes of action asserting that the policy requirement that proof of death be furnished to Hartford's main office was unconscionable and that Hartford had notice of Mr. Rang's death in September 1987, when the agent who had sold the policy to the Rangs learned of the death. These claims sought a valuation either as of the date of Mr. Rang's death or the September date.

As the district court correctly pointed out, the amended complaint did not avoid the court's ruling, which we have upheld, that there was an accord and satisfaction. Even accepting *arguendo* the claims in the amended complaint, which were asserted to increase the amount to be paid the beneficiaries under the annuity contract, those claims would be barred by the accord and satisfaction, which operated to discharge all of Hartford's liability under the variable annuity contract. In these circumstances, the appellants' contention that the policy requirement that proof of death be submitted to Hartford's home office was unconscionable, is irrelevant.

IV.

Since the appellants did not raise their State law tort claims in their brief, those claims are deemed abandoned. *Jasperson v. Purolator Courier Corp.*, 765 F.2d 736, 740–41 (8th Cir.1985).

The judgment of the district court is affirmed.