[Civ. No. 19497.   Second Dist., Div. Two.   Nov. 13, 1953.]

JOSEPH W. BURTON, Appellant, v. CLOUGH-DETTY MOTORS et al., Respondents.

Charles W. Jamison for Appellant.

J. E. Delwiche and Martin S. Ryan for Respondents.

MOORE, P. J.—Clough-Detty Motors is a partnership composed of the three codefendants. For about four years the partnership and its predecessors in interest employed plaintiff to buy and sell new and used automobiles in Santa Barbara. In addition to the sums aggregating $19,699 paid him as salaries and commissions while he was with them, plaintiff claimed a balance due him in the sum of $5,935.65, and sued to enforce payment thereof. After a trial of the issues raised by his amended complaint and the answer, the court awarded plaintiff the sum of $2,100 from which he now appeals, contending ''the evidence was not sufficient to justify the decision in that a larger award should have been made.''

In response to the complaint and the evidence adduced the court made the following findings. Within the two years last past defendants had not become indebted to plaintiff in the sum of $5,925.65 (count 1). About August 1, 1950, the parties did not account orally together, nor did defendants then agree to pay plaintiff $5,925.65 (count 2). There was no accounting between the parties about November 9, 1948, showing defendants to be indebted to plaintiff in the sum of $5,318.40. About April 20, 1949, defendants transferred to plaintiff an automobile for $1,385 and that sum was credited to defendants but there was no balance then due in the sum of $3,933.40 to plaintiff. Subsequent to the last men-

tioned date, defendants did not become indebted to plaintiff for services performed in the sum of $1,992.25 (count 3), nor did plaintiff and defendants about November 9, 1948, agree in writing on the wages then due plaintiff, nor agree on an account stated giving a credit to defendants in the sum of $1,385 for the automobile (count 4). Since April 20, 1949, defendants did not become indebted to plaintiff in the sum of $1,992.25 but there remains due to plaintiff from defendants the sum of $2,150, the reasonable value of services performed by plaintiff for defendants from October, 1946, to August, 1950 (count 5).

Inasmuch as the reviewing court is powerless to reverse a judgment based upon findings supported by any substantial evidence (*Holmberg* v. *Marsden,* 39 Cal.2d 592, 596 [248 P.2d 417]; *Richter* v. *Walker,* 36 Cal.2d 634, 640 [226 P.2d 593]; *Horwath* v. *Roosevelt Hotel Co.,* 118 Cal. App.2d 1, 6 [257 P.2d 56]) the consideration of this case will be at an end if there is such support for the findings.

Mr. Clough testified that defendants owed plaintiff nothing after August, 1950, except the sum of $600. If the court believed that testimony which, the findings indicate, it did, that should have closed the case with a judgment in favor of plaintiff for the admitted debt of $600. But despite the court's determination against all allegations of the first four counts of the complaint, it apparently adopted plaintiff's testimony as to count 5 and adjudged defendants' obligation was to pay plaintiff $2,150 as ''the reasonable value'' of plaintiff's services performed for defendants between October, 1946, and August 1, 1950. Bearing in mind that plaintiff collected from defendants and their predecessors several thousand dollars for services rendered by him during the last mentioned period, the pleadings, findings and judgment present a confusion *de luxe.* However, in view of the one appeal by plaintiff denouncing the excessive meagerness of the judgment of $2,150, there appears to be no route open to this court but to ascertain whether there is any substantial evidence in support of the findings against the first four counts.

Plaintiff testified that when he complained to Mr. Clough he was spending too much time closing deals and was getting only $200 a month and must have extra money if he kept the records, Clough told him to keep a record of his services in processing the contracts for the bank and the value of them. But never did plaintiff make demand for

such or any additional compensation until July 1950 when he knew he was leaving defendants. Then for the first time he presented a claim for $100 a month totaling $550. Mr. Clough contradicted such testimony and denied any sum was due on account thereof. But if the services had been rendered, the claim would have been barred since the dates of the alleged labors were more than two years prior to the commencement of the action. (Code Civ. Proc., § 339, subd. 1; *Horwath* v. *Roosevelt Hotel Co.*, *supra.*)

Notwithstanding plaintiff's testimony that he had earned $400 as commissions in September, 1948, $200 in October, 1948, and $142.25 in August, 1949, he was unable to provide the court with convincing proof that he had performed the alleged services or that he had demanded payment for such services prior to the presentation of his claims in July, 1950.

Burton also claimed $2,883.40 in commissions for the year of 1947. His proof of this was no stronger than that of the commission claims of 1948 discussed in the preceding paragraph. These claims are also barred by the statute of limitations.

Plaintiff's claim consists in part of unpaid salary for three months of 1950 in the sum of $1,500. While admitting that his salary had been reduced to $400 per month in 1949 to August, 1950, plaintiff thought he should have the same salary as two of the partners and in that way he made up his claim for the item of $1,500. By such mental gymnastics the court was not impressed of the reliability of appellant's judgment, observation or perspicacity. Mr. Clough testified that appellant's salary was reduced from $500 to $400 per month subsequent to September, 1949, and it continued at the latter sum to August, 1950. The court having adopted such testimony, it disposed of appellant's claim to the extent of another $300.

Another item in appellant's claim is $250 for vacation pay. Mr. Clough testified that appellant ''took lots of time off . . . three or four days a week . . . and was always paid for it . . . one time he went to Los Angeles . . . was gone over a week . . . had a lot of work to do on his house . . . and was gone over a week . . . added all up, over two weeks a year . . . it was not company business.'' Because of such testimony the court eliminated the item of $250. It followed the rule which imposes on plaintiff the burden of establishing his claim by full, clear and convincing evidence. ·(*Wilson* v. *Bailey*, 8 Cal.2d 416, 424 [65 P.2d 770]; *Khoury* v. *Barham,*

85 Cal.App.2d 202, 211 [192 P.2d 823].) Appellant failed to establish certain items of his claim in that he did not prove that defendants acknowledged the items rejected by the court. (*Hansen* v. *Fresno Jersey Farm Dairy Co.*, 220 Cal. 402, 408 [31 P.2d 359].) He did not show that a balance was struck and agreed upon or that defendants admitted the rejected items were a part of an account stated. (*Hill* v. *Security First Nat. Bank*, 33 Cal.App.2d 164, 167 [91 P.2d 133].)

In view of the testimony of Mr. Clough which the court relied upon in denying judgment for any of the items alleged in counts 1 to 4 inclusive the rule must be adhered to that reversal cannot be ordered when there is any substantial evidence to support the finding. No attempt has been made to show proof contrary to the judgment in such amount as to require a reversal. On the other hand, since defendants did not file a cross-appeal, they have no standing that would warrant an interference with the judgment in their behalf.

Judgment affirmed.

McComb, J., and Fox, J., concurred.